## 20903. FRANK E. WOOD COMPANY v. COLSON et al.

JENKINS, P. J. A verdict was rendered in favor of the plaintiff in a suit against a partnership and its two individual members, both of which members, it appears from the record, had been personally served. Judgment was entered against the partnership and only one of the partners. On a subsequent petition the court refused to amend the judgment so as to include the other partner, because an inspection of the docket showed that such other partner had filed a plea in bankruptcy. *Held:* A judgment must conform to the reasonable intendment of the verdict upon which it is based, and it may by order of the court be amended so as to conform to the verdict, even after execution has been issued. Civil Code (1910), § 5697. This must be done, however, by an inspection of the record, including the verdict and pleadings, since parol proof can not furnish a ground of amendment. *Dixon* v. *Mason,* 68 *Ga.* 478. In the instant case the verdict finding generally in favor of the plaintiff must be construed as a verdict against the partnership and each of the defendant members (*Houston* v. *Ladies Union Branch Asso.,* 87 *Ga.* 203 (3), 13 S. E. 634), including a finding against the plea of bankruptcy filed by one of the defendants. Accordingly, under the record the plaintiff was entitled to a judgment against each of the defendants, and his petition asking that the judgment be amended so as to conform to the verdict should have been granted.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1931.

*S. C. Townsend,* for plaintiff.
*Cowart & Cowart, Farr & Cowart,* for defendants.