27280. BROWN v. EDWARDS et al.

ARGUED JUNE 13, 1972—DECIDED JULY 12, 1972.

*Robinson, Buice, Harben & Strickland, C. Frank Strickland, Jr.,* for appellant.

*John G. Davis,* for appellees.

GRICE, Presiding Justice. This appeal is from a judgment in a proceeding involving the blocking of a private road.

The plaintiff, W. H. Brown, filed a complaint in the Superior Court of Towns County against Cuie Edwards and Harve Edwards to enjoin them from blocking the road, to which the plaintiff claims title.

The defendants in their answer denied the essential allegations of the complaint. By amendment they asserted the defense of res judicata.

Thereupon the trial court entered an order which recited that "after having received evidence from both parties, upon motion to dismiss by the defendants based upon the principle of res judicata, and upon consideration of the same, the complaint is hereby dismissed."

The appeal is from this judgment.

Upon the trial, which was before the court without a jury, the defendants introduced in evidence the record in the prior 1967 case of Mrs. Cuie Edwards vs. Frank Adamson in the Superior Court of Towns County, which resulted in favor of the plaintiff Mrs. Edwards and which is unreversed. The evidence also showed that the present case and the prior case involve the same parties or their privies.

As we view the records in both cases the plaintiff in the present case is precluded as to the issue of title by the judgment adverse to him in the prior case. In that case Mrs. Edwards claimed that Adamson constructed the road on her land and she also asserted that Adamson diverted water to and across her land, claiming damages. In that case Adamson denied her title but did not assert title for himself. He also denied entry upon the property of Mrs. Edwards and denied the diversion of water upon her land. Thus there were two separate issues before the court. No person except the plaintiff in that case claimed title to the property and the jury's verdict awarded her monetary damages. It follows that title was necessarily adjudicated in favor of the plaintiff Mrs. Cuie Edwards and against Frank Adamson in the prior suit.

Under these circumstances *Code* § 110-501 is controlling here. It provides that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters *put in issue, or* which under the rules of law *might have been put in issue* in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." (Emphasis supplied.)

Accordingly, the adverse judgment against Adamson in the prior suit is conclusive against his privy Brown, the plaintiff in the present suit, as to title to the property now in question.

Since the plaintiff here could not show title he could not recover.

The trial court in dealing with the motion to dismiss the complaint dealt with matters outside the complaint, thereby converting the motion into one for summary judgment. The order here will be so considered. *Code Ann.* § 81A-112 (b).

*Judgment affirmed. All the Justices concur.*