32488. INTERNATIONAL PAPER COMPANY v. KIGHT.

HILL, Justice.

International Paper Company and Kight (a/k/a Kite) are adjoining landowners. The company appeals the judgment of the Superior Court of Clinch County which would establish the common boundary in favor of Kight, the plaintiff who in 1972 initiated this action in trespass and for injunction and declaratory judgment. The company asserts error in the denial of its motions for directed verdict and judgment notwithstanding mistrial, both based on grounds of res judicata.[1]

In 1963 the plaintiff initiated a processioning. The processioners filed a plat with the ordinary, now probate judge, on December 4, 1963. That plat reflected the plaintiff's contentions as to the correct boundary. The company filed its protest with the ordinary on January 3, 1964. Notice of the company's protest was not given to the

---

[1] See *International Paper Co. v. Kight,* 230 Ga. 720 (198 SE2d 681) (1973). After that attempted appeal the case was submitted on the transcript of the mistrial to the judge for nonjury decision. He declared the 1964 judgment to be a nullity and decided in favor of the plaintiff.

plaintiff. The matter was heard by a jury without plaintiff's participation, and the Superior Court of Clinch County entered judgment on October 7, 1964, following the verdict. That judgment reflected the company's contentions as to the correct boundary.

The plaintiff brought the present action in 1972. In this case the trial court declared its 1964 judgment to be a nullity because there was no separate return by the processioners and because the plaintiff was not given notice of the protest.

1. It is not contended that the plat of survey, certified by the surveyor, is defective. That plat states that all lines were blazed. The plat also contains the following: "As Directed by the Undersigned Processioners" followed by three signatures identified as those of the processioners. The content of the return is not challenged.[2] It is contended however that the return of the processioners must be separate from the plat of the surveyor and that hence there is no legal return of the processioners in this case. We disagree. Although Code § 85-1607 and *Ratteree v. Morrow,* 71 Ga. 528 (1883), show that the processioners' return may be separate, neither is authority for the proposition that the return must be separate or that a return entered on the plat of the surveyor is not a legal return. Code § 85-1607 requires that there be a return "together" with the plat. A return entered on the plat satisfies this requirement of the law.

2. The 1964 judgment is not void on its face. The court was not without jurisdiction, in the 1964 proceeding, over the person of the plaintiff such as may be raised in this 1972 suit. Code Ann. § 81A-160 (a) (f).

3. On the trial of a protest to the processioner's return the protestant may obtain a judgment establishing the line declared in the protest. *Earney v. Owen,* 213 Ga. 412, 415 (99 SE2d 201) (1957); *Stewart v. Jackson,* 144 Ga. 501 (3) (87 SE 656) (1916); *Howland v. Brown,* 92 Ga. 513 (17 SE 806) (1893). The judgment obtained by the

[2] Because the sufficiency of the contents of the return was not raised below and has not been argued on appeal, we express no opinion on that subject.

company on October 7, 1964, was between the same parties, resolved the same issue, and is therefore conclusive of the present litigation. *Howland v. Brown,* supra; *Brown v. Edwards,* 229 Ga. 345 (191 SE2d 47) (1972); Code Ann. § 110-501. The trial court erred in not giving effect to the 1964 judgment.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 12, 1977 — DECIDED SEPTEMBER 7, 1977.

*Bennett, Pedrick & Bennett, Larry E. Pedrick, Wilson G. Pedrick, B. D. Murphy, Brooks E. Blitch, III,* for appellant.

*Edward Parrish,* for appellee.