## 35205. TURLEY v. TURLEY.

MARSHALL, Justice.

The parties to this case were divorced by final judgment and decree of the Coweta Superior Court, which was entered on a jury verdict awarding alimony and child support to the wife. During the same term of court during which the judgment was entered, the former wife filed a motion to amend the judgment to conform to the verdict. The superior court granted the former husband's motion to dismiss for failure to state a claim for relief. The former wife appeals.

In Item 7 of the divorce complaint, the wife sought "10 1/2 acres located on Cedar Creek Road with there being two mobile homes located thereon." In Item 9, she asked to be awarded a 1969 Chevrolet truck and a 1975 Buick. The jury awarded as alimony to the wife "half of said land in Item 7 of the Complaint with Mobile Homes and Furnishings located thereon. 1979 Buick Century in Item 9 of the complaint. All of the above properties are to be paid for by plaintiff (land, home, car) . . ."

Initially, the trial judge entered a judgment granting the wife "an undivided one-half (1/2) interest in the real property located on Cedar Creek Road, said property consisting of approximately ten and one-half acres and . . . a one-half undivided interest in the two mobile homes located on the above described land . . . Plaintiff [wife] shall be responsible for any and all mortgage payments or indebtedness on said land, mobile homes . . ." However, the trial judge later amended the judgment to award the wife "an undivided one-half (1/2) interest in the real property consisting of approximately ten and one-half (10 1/2) acres and . . . all of defendant's interest in the two (2) mobile homes located on the above described land."

In filing this motion to amend the judgment, the former wife argues that the jury intended to award her the entire interest in one-half of the 10 1/2-acre tract rather than a one-half undivided interest in the entire tract. She contends that the two mobile homes are located on the northern one-half of the tract and that the jury intended to award her this half of the land together with the mobile homes located thereon. As such, she maintains that she

would only be obligated to pay half of the indebtedness against the 10 1/2 acres, rather than the entire indebtedness.

In support of her argument, the former wife has introduced an affidavit executed by the foreman of the jury rendering the verdict, in which the foreman states that this was the intendment of the jury. *Held:*

"A judgment must conform to the reasonable intendment of the verdict upon which it is based, and it may by order of the court be amended so as to conform to the verdict, even after execution has been issued. [Former Code § 110-311] This must be done, however, by an inspection of the record, including the verdict and pleadings, since parol proof can not furnish a ground of amendment. *Dixon v. Mason,* 68 Ga. 478." *Frank E. Wood Co. v. Colson,* 43 Ga. App. 265 (158 SE 533) (1931). "The rule has always been recognized in this State that a judgment may be amended to conform to the verdict and pleadings at a subsequent term. *Dennis v. Colley,* 112 Ga. 114 (37 SE 119)." *Scarborough v. Merchants &c. Bank,* 131 Ga. 590, 591 (62 SE 1040) (1908).

The authority given a trial judge to amend a judgment to conform to the reasonable intendment of the verdict constitutes an exception to the rule of Code § 110-111 that, "A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by what the jurors say they intended to find or otherwise." For, Code § 110-110 provides that, "A verdict may be so amended as to make it conform to the pleadings, if the error shall plainly appear upon the face of the record." See also Code § 110-301.

It can thus be seen that the trial judge erred in dismissing the former wife's motion to amend the judgment for failure to state a claim for relief. It is the duty of the trial judge to examine the record of the divorce proceedings[1] and determine if it "shall plainly appear

---

[1] The record of the divorce proceedings has not been included in the record on appeal.

upon the face of the record" (1) whether the jury intended to award the wife the entire interest in the northern half of the Cedar Creek Road tract, together with the mobile homes located thereon, and (2) whether the jury intended to require the wife to pay only one-half of the indebtedness against the 10 1/2-acre tract, rather than the entire indebtedness.[2] If either or both of those questions should be answered in the affirmative, the trial judge should amend the judgment accordingly.

We do hold that the trial judge should not consider the affidavit executed by the jury foreman. The amendment of the judgment to conform to the verdict must be done by reference to the record without the aid of parol proof. *Frank E. Wood Co. v. Colson,* supra. It is improper to amend the judgment on the basis of what one of the jurors says the jury intended. Code § 110-111.

*Judgment reversed and remanded. Nichols, C. J., Undercofler, P. J., Jordan and Bowles, JJ., concur. Hill, J., dissents.*

Submitted August 3, 1979 — Decided December 5, 1979.

*Charles Van S. Mottola,* for appellant.

*Steinberg & Osborne, Leonard N. Steinberg,* for appellee.

---

[2] It can easily be said that the reasonable intendment of the verdict is that the wife be awarded the "[h]alf of said land . . . with the mobile homes located thereon." Whether the verdict is subject to the construction that the wife pay only the indebtedness toward this half of the 10 1/2-acre tract is a closer question.