## 36130. HOLMES v. BLOUNT.

UNDERCOFLER, Chief Justice.

W. Clayton Blount filed a petition for processioning of land, Code Ann. Ch. 85-16, which was returned by the

758

processioners on January 23, 1979. Raymond Holmes is an adjacent landowner, who did not file a protest within 30 days, as required by Code Ann. § 85-1609. A motion to allow an appeal in the superior court was dismissed, as was a notice of appeal from the processioner's report in the probate court. In June, 1979, Holmes filed this independent suit for determination of the boundary lines and for trespass. The trial court dismissed this action as also constituting an untimely appeal. Holmes appeals. We reverse.

Under Code Ann. § 85-1609, "[a]ny owner of adjoining lands, who *may* be dissatisfied with the lines as run and marked by the processioners and surveyor, *may* file his protest thereto with the judge of the probate court within 30 days after the processioners have filed their returns, specifying therein the lines objected to, and true lines as claimed by him . . ." (Emphasis supplied.) We find this language is not mandatory.

Code Ann. § 85-1606 provides that the plat made under the Act by the processioners and county surveyor "shall be prima facie correct, and such plat, certified as aforesaid, shall be admissible in evidence without further proof." It is clear from *Howland v. Brown,* 92 Ga. 513 (17 SE 806) (1893), that where a protest is filed and a judgment is entered thereon in superior court, the judgment is binding on the protestant and his privies.

Here Holmes never made an effective protest, and the processioning thus acquired no res judicata effect. The trial court erred in dismissing this suit.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 11, 1980 — DECIDED MAY 7, 1980.

*Braun & Cavender, David L. Cavender,* for appellant.

*A. G. Wells, Jr.,* for appellee.