37270, 37349. McGILL v. McGILL; and vice versa.

CLARKE, Justice.

The parties were divorced in February 1980, following a jury trial. The marital home was owned in equal undivided interest by the husband and wife. When the jury verdict was returned, it included an alimony award to the husband. He was given the wife's one-half undivided interest to the home; however, the jury qualified this award by limiting the interest to the husband's lifetime with remainder over to his heirs. The trial judge, in framing his final judgment and decree, construed the heirs of the husband to mean the three children of the parties. Only one of these children was under age at the time of the divorce.

This appeal arises as a result of an attack by the husband upon both the verdict and the judgment. He contends the verdict is void and illegal in that it awarded property rights to third parties who were not parties to the lawsuit. He also complains that the verdict as a general verdict is incapable of specific interpretation since his heirs cannot be identified until he is dead. In addition, he says the judgment of the court is defective because the specification of the three children of the parties as his heirs is an invalid construction and interpretation of the jury's verdict.

It is true that a jury or a court may not award relief to persons not parties to the litigation. *Hearn v. Clare,* 131 Ga. 374 (62 SE 187) (1908). Ordinarily, the father's real property may not be awarded to the children of the parties in a divorce, even as child support. *Collins v. Collins,* 231 Ga. 683 (203 SE2d 524) (1974); *Clark v. Clark,* 228 Ga. 838 (188 SE2d 487) (1972). In this case, however, the parties stipulated that the jury might award the interest of either in the home to the other for life with a remainder over upon death. Further, it is wife's interest in the property which was awarded to husband for life. What the parties could have done by agreement, they stipulated that

the jury might do. Under these circumstances neither can be heard to complain of the verdict.

Husband contends that the verdict is void because "heirs" is incapable of specific interpretation. Code Ann. § 85-504 provides that limitations over to "heirs" shall be held to mean "children" whether the parents are living or dead. This being so, the verdict is capable of specific interpretation.

The judgment and decree of the court interpreted the word "heirs" to mean the children living at the time of trial. Husband contends that this interpretation was unwarranted. The court is authorized to ". . . mould the verdict so as to do full justice to the parties." Code Ann. § 110-106. See also Code Ann. §§ 110-111, 37-1203. The moulding of the verdict does not, however, empower the court to make substantive changes or additions. We must consider whether the changes are mere moulding or are substantive in nature. The dialogue between the court and the jury makes it clear that the jury was concerned with devising a verdict which would have a remainder interest in the existing children of the parties. The judgment of the court should conform to "the reasonable intendment of the verdict upon which it is based." *Turley v. Turley,* 244 Ga. 808, 809 (262 SE2d 112) (1979); *Frank E. Wood Co. v. Colson,* 43 Ga. App. 265 (158 SE 533) (1931). Further, the signature of the attorney for each party appeared on the judgment, noting their approval of the judgment as to form. Consequently, appellant's attorney approved the language now challenged. *Solomon v. Solomon,* 241 Ga. 188 (244 SE2d 2) (1978).

Under all the circumstances of this case, we hold that appellant has waived the right to challenge either the judgment or the verdict upon which it was based. The judgment being affirmed, Case No. 37349 is dismissed as being moot.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1981.

*Alva J. Hopkins III, Willis H. Blacknall III,* for appellant.
*Earl D. Smith, Jr.,* for appellee.