63678. SHAW v. LAWRENCE P. VICKERS & ASSOCIATES, INC.

BANKE, Judge.

This is an appeal from the denial of a motion to set aside a default judgment. Two defendants were named in the complaint — American Express Company and the appellant, David E. Shaw. The plaintiff/appellee alleged that Shaw, as one of its employees, was given a check made payable to American Express in the amount of $2,676.05 to cover certain company expenses which he had charged to

his personal credit card account; that this check was dishonored upon presentment by American Express; that Shaw was then given another check for the same amount made payable to him personally; and that American Express ultimately cashed the original check which had previously been dishonored. Count 1 of the complaint seeks actual and punitive damages against American Express for conversion, based on the assumption that it received double payment of the indebtedness; count 2 seeks actual and punitive damages and attorney fees against Shaw for conversion on the theory that he retained proceeds of the second check; and counts 3 and 4 seek to recover against both American Express and Shaw, respectively, on the theory of "open account indebtedness" rather than conversion. Shaw failed to answer the complaint, and the case against him went into default. The claim against American Express was voluntarily dismissed.

The issue of damages was tried before a jury, and the plaintiff was awarded a verdict for "the sum of $2,676.05 principal, plus $5,000.00 punitive damages, plus $2,180 attorney fees and cost of this action." The trial court entered judgment as follows: "Plaintiff is entitled to a default judgment against the defendant, David E. Shaw, for the tort of conversion set forth in count 2 of plaintiff's complaint and the indebtedness set forth in count 4 of plaintiff's complaint. WHEREFORE, it is ordered that plaintiff have judgment against the defendant, David E. Shaw, as follows: (a) In the amount of $2,676.05 on an open account of indebtedness; (b) for punitive damages in the amount of $5,000.00; (c) for reasonable attorney's fees in the amount of $2,180.00; (d) for court costs in the amount of $25.00." Approximately nine months later, the appellant moved to set this judgment aside on the ground that attorney fees and punitive damages may not be awarded in an action on account. The trial court denied the motion after amending the judgment to delete any reference either to conversion or to open account as the basis for the recovery. This appeal followed. *Held:*

The jury's verdict does not suffer from the defect asserted in the original judgment, as it does not indicate that damages were awarded for nonpayment of an account rather than for the tort of conversion. While the original judgment made reference to both theories of recovery, it has now been amended to conform to the actual terms of the verdict. " 'The rule has always been recognized in this State that a judgment may be amended to conform to the verdict and pleadings at a subsequent term. [Cit.]' " *Turley v. Turley,* 244 Ga. 808, 809 (262 SE2d 112) (1979).

As the award of punitive damages and attorney fees was compatible with both the pleadings and the verdict, the record has

been shown to contain no nonamendable defect; and the motion to set aside was properly denied. See generally Code Ann. § 81A-160(d).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 9, 1982.

*Winston H. Morriss,* for appellant.

*William W. Barum, W. Michael Parrot, Franklin Nix,* for appellee.