65794. PURCELL v. C. GOLDSTEIN & SONS, INC.

McMurray, Presiding Judge.

This action involves a land line dispute between Jim H. Purcell and C. Goldstein & Sons, Inc., the owner of the adjoining property, albeit plaintiff Purcell styled same as a declaratory judgment action, filed May 18, 1982, with reference to an actual controversy as to the land line and also prayed for a declaration of fee simple title in a small triangle of land. By amendments the plaintiff sought to quiet title in his property and prayed for a permanent injunction to enjoin the defendant from interfering with the assertion of any claim to plaintiff's property.

The defendant answered admitting jurisdiction and service upon its registered agent but otherwise denied the claim and denied

that the plaintiff was entitled to a declaratory judgment pursuant to the Declaratory Judgment Act. Defendant further denied plaintiff's allegation that "[a]s can be seen by looking at plats Exhibits A and B, Defendant C. GOLDSTEIN & SONS, INC. is claiming land on which part of the plaintiff JIM H. PURCELL'S house lies" and denied that there was an actual controversy between the parties as to the location of the land lines. Defendant answered as a second defense that the complaint should be dismissed for reasons of res judicata, the issues already having been litigated in a processioning proceeding which would bar recovery by the plaintiff, the true and correct property line between them having been established. Defendant further answered that plaintiff was trespassing over onto its land and had erected a house structure partly thereon without any right to do so. A counterclaim was filed alleging a cause of action for the malicious use of process in further litigating the issue but was later dismissed without prejudice by the superior court and is no longer involved with reference to this appeal.

Defendant filed a separate motion to dismiss based upon the processioning proceeding in the local probate court and dismissal of an appeal to the superior court on which it bases its plea of res judicata. A certified copy of the proceedings in the previous matter, containing the return of processioners, appeal, amendments, motion to dismiss and notice, and order of the court on the motion to dismiss, dated February 5, 1982, was introduced by the defendant.

The case has proceeded further based upon a consideration of the motion to dismiss after hearing evidence, that is, treating same as one for summary judgment under § 12 of the Civil Practice Act (OCGA § 9-11-12 (formerly Code Ann. § 81A-112 (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693))) and disposing of same as provided in § 56 thereof (OCGA § 9-11-56 (formerly Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759))).

As shown in the certified copy, the processioners, after being duly appointed and based upon the application of the defendant "to trace and mark anew the boundary line between its lot of land ... and that of the adjoining land on the southeasterly, southwesterly and northeasterly side, of Jim H. Purcell," proceeded to make a return based upon findings with the aid of the county surveyor and a survey, said return being dated April 13, 1981. The survey prepared was dated March 14, 1981, to which the processioners referred and used in establishing the lines. In doing so the processioners found three old existing iron pins, two of which were located "at the southwesterly side of said Goldstein lot" (shown as southwesterly and southeasterly corners on attached plat), and the third located at a northeasterly

corner; and by using certain dimensions, "bearings from the Georgia Power Company access lot plat and other tie points" established two other corners which they determined were the correct corners and there set iron pins to mark same, thus establishing five separate corners and marked the lines between these five corners as the correct boundary line using the plat made by the survey of March 14, 1981, with certain markings thereon made by the county surveyor as we find a notation on this survey that it was "surveyed as directed by" the land processioners although it is clearly otherwise marked as the survey of March 14, 1981.

The plaintiff herein then sought to appeal from the probate court to the superior court. A motion to dismiss this appeal was thereafter granted.

In the case sub judice, after a hearing in consideration of the record in the prior case (in the superior court and court of probate) and all matters introduced by both parties and the argument of counsel, the superior court found that the prior case (the processioning proceeding) would act as res judicata to this case (the case sub judice) and was a judgment and adjudication on the merits, it being "between the same parties and involved the same subject matter property line, with said property line being established as a result thereof and judgment entered adverse" to the plaintiff Jim H. Purcell. The court granted the defendant's second defense of res judicata and dismissed the complaint. Plaintiff appeals. *Held:*

The duty of processioners duly appointed is to survey and *mark anew* an established line or lines as they actually exist and not as they ought to have been laid out originally. The processioners must find the old lines already established, and they have no right, power or authority to make or find new dividing lines between adjoining landowners. See *Hall v. Browning,* 71 Ga. App. 694 (32 SE2d 126); *Rogers v. Beavers,* 76 Ga. App. 16 (45 SE2d 74); *Georgia Marble Co. v. Voyles,* 74 Ga. App. 312 (39 SE2d 488). They have no right to run a line where they think it should be in order to establish it, but together with the county surveyor they must *retrace* and *mark anew established lines* and *not mark new lines.* They have no authority under the law to run and set up a line where they think it ought to be and find in fact a line existing which had not been established before their survey. *Bostick v. Yaughn,* 79 Ga. App. 180 (53 SE2d 223); *Palmer v. Jackson,* 82 Ga. App. 702 (62 SE2d 366). However, OCGA § 44-4-5 (3) (formerly Code § 85-1601) provides that "[i]f the corners are established and the lines are not marked, a straight line as required by the plat shall be run but an established marked line, though crooked, shall not be overruled."

In the return of the processioners it is clear that they found only

three of the five corners to which they referred. They then, by the use of certain dimensions, placed iron pins at two other points in order to connect up the dividing lines by and between the parties on the defendant's southeasterly sides, the resulting plat showing same as intersecting the dwelling house of the plaintiff as having been built over the line by the placement of one of the iron pins. The processioners established two corners and the lines between four corners as shown on the recent plat and did not establish anew the lines as required by the processioning law. Accordingly, that proceeding is not res judicata, and the court erred in granting defendant's motion for summary judgment (motion to dismiss after considering evidence) and in dismissing plaintiff's complaint.

Further, the Supreme Court has held in *Holmes v. Blount,* 245 Ga. 757, 758 (267 SE2d 228), that the language of former Code § 85-1609 (now OCGA § 44-4-9) providing " '(a)ny owner of adjoining lands, who *may* be dissatisfied with the lines as run and marked by the processioners and surveyor, *may* file his protest thereto with the judge of the probate court within 30 days after the processioners have filed their returns, specifying therein the lines objected to, and true lines as claimed by him . . .' " is not mandatory. The Supreme Court further held "that where a protest is filed and a judgment is entered thereon in superior court, the judgment is binding on the protestant and his privies" and since appellant had never made an effective protest, the processioning thus acquired no res judicata effect.

The record contains an affidavit of plaintiff Purcell dated September 30, 1982, in opposition to defendant's motion for summary judgment. Plaintiff deposed that the return of the processioners was made on April 13, 1981, and that on May 13, 1981, "a pro se protest or appeal of the return of the processioning from the said Probate Court to the said Superior Court" was filed. Affiant deposed that his attorney filed "an amendment or protest from Probate Court to Superior Court dated January 7, 1982." He further deposed that he had never presented his evidence as to the proper location of boundary lines of the adjoining lines of affiant and C. Goldstein & Sons, Inc.; that he had never had a hearing or adjudication on the merits of his claim as to the proper location of the boundary lines in superior court; and, he had never had his protest of said processioning proceedings heard on its merits or by the examination of his evidence in superior court.

It is noted that the record reflects defendant C. Goldstein & Sons, Inc. filed a motion to dismiss "the purported appeal of Appellant herein from the processioning proceedings in the Probate Court of Baldwin County, Georgia, on the grounds that the purported appeal fails to set out and perfect the appeal and protest in the

manner and as required by law, and fails to set out [a] cause of action or appeal." This motion to dismiss was heard by the superior court on January 15, 1982. At the hearing, counsel for defendant argued that the "purported appeal" should be dismissed on three grounds, in that there was no showing that the appeal was filed in the probate court within 30 days; there was no showing that it was served on the opposing party as required by the pleadings and practice laws of service; and, the appeal did not specify the true line as claimed by the protestant and the line to which he objected. We note that the record does contain a pleading of plaintiff Purcell styled "Amendment to Appeal or Protest from Probate Court to Superior Court" filed in the Probate Court of Baldwin County, Georgia, on January 13, 1982, and thereafter filed in the Superior Court of Baldwin County, Georgia, on January 15, 1982. In its order dated February 5, 1982, the superior court granted the motion to dismiss and dismissed the appeal, stating same was done after "having heard same with presentations by both sides, and argument by counsel for both sides, and . . . having carefully considered the same."

As to whether the case of *Holmes v. Blount,* 245 Ga. 757, supra, is controlling here, under the particular facts and circumstances of the case sub judice, we do not decide, that is, as to whether or not the plaintiff's pleadings constituted an effective protest and whether or not the hearing conducted, with subsequent dismissal of plaintiff's appeal, thus resulted in the processioning having acquired a res judicata effect. Compare *International Paper Co. v. Kight,* 239 Ga. 551 (238 SE2d 88).

As shown above, the processioning was ineffective.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 19, 1983 —
REHEARING DENIED MAY 6, 1983 —

*John Lee Parrott,* for appellant.
*Robert H. Herndon,* for appellee.