77899. BASS et al. v. BARRETT et al.

(378 SE2d 722)

CARLEY, Chief Judge.

Appellant-plaintiffs filed a two-count complaint against appellee-

defendants. The allegations of Count One sounded in tort and were directed against all three appellees. The allegations of Count Two also sounded in tort and were directed against only appellees Mr. and Mrs. Arnold Barrett. The case was tried before a jury. As to Count One, a $4,055.40 verdict in favor of appellants was returned, but only as against appellee Brenda Barrett. As to Count Two, a verdict in favor of appellants was also returned as to liability, but no damages were awarded. Pursuant to the jury's verdict, the trial court entered a $4,055.40 judgment in favor of appellants against only appellee Brenda Barrett. Appellants then filed a "Motion to Amend the Verdict and Judgment (Or In The Alternative For The Granting Of A New Trial)." The trial court denied this motion and appellants appeal.

Appellants' sole enumeration is that the "trial court erred in failing to grant [their] motion to alter the judgment so as to make all three [appellees] equally liable for the $4,055.40 awarded." "Every court has power to amend and control its processes and orders so as to make them conform to law and justice, and to amend its records to conform to the truth. [Cit.] But when founded on verdicts of a jury, and not the acts of the judge, the court may not amend the judgment . . . so as not to follow the verdict." *Cox v. LeRoy*, 130 Ga. App. 388 (2) (203 SE2d 863) (1973). The $4,055.40 judgment that was entered in favor of appellants against appellee Brenda Barrett follows the jury verdicts that were returned. Accordingly, so long as those verdicts stand, the trial court would have no authority to amend the judgment.

"A verdict may be amended in mere matter of form after the jury has dispersed. However, after a verdict has been received and recorded and the jury has dispersed, it may not be amended in matter of substance either by what the jurors say they intended to find or otherwise." OCGA § 9-12-7. An amendment of the verdicts to reflect a recovery by appellants of any amount of damages as against appellees Mr. and Mrs. Barrett would clearly effect a substantive change in the jury's findings. As to Count One, the jury found no liability except as to Brenda Barrett and, as to Count Two, the jury awarded no damages as against any of the appellees. "After dispersal of the jury, the judge has no power either to add to or take from the findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury. [Cit.] Nor can the trial judge accomplish the same result by amending the verdict in a matter of substance by entering a decree different from the verdict of the jury, thereby eliminating substantial findings of the verdict and thus substantially modifying or changing the other findings of the jury. To do so requires the judge to find facts which the jury did not, and thus usurp their peculiar province.

[Cits.]" *Harrell v. Bank of the South, N. A.,* 174 Ga. App. 384, 386 (330 SE2d 147) (1985). It follows that the trial court had no authority to amend the verdicts and did not err in failing to do so.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs in judgment only.*

DECIDED FEBRUARY 14, 1989.

*Bailey Law Offices, Kirby G. Bailey,* for appellants.
*Rogers & Brownlow, David R. Rogers,* for appellees.