## S94A0674. PURCELL v. C. GOLDSTEIN & SONS, INC.
(448 SE2d 174)

BENHAM, Presiding Justice.

A long-standing dispute between the parties regarding the boundary between their properties and other property-related matters[1] culminated when appellee filed an action seeking establishment of the correct property line, a declaration that appellant's house encroached on appellee's property, and an injunction against appellant's continued encroachment on appellee's property. The jury found that the property line was as contended by appellee and that appellant's house encroached on appellee's property, but requested that appellant be permitted to keep the house where it was. The trial court entered a judgment establishing the property lines and enjoining appellant from trespassing on appellee's property, but permitting appellant to keep the house where it was as a "permissive encroachment." Appellant contends on appeal that he was entitled to judgment as a matter of law and that the judgment does not accurately reflect the jury's verdict.

1. Appellant's contention that he was entitled to judgment as a matter of law is based on his assertions that the trial court erred in two respects in admitting into evidence a plat prepared by a surveyor

---

[1] See *Purcell v. C. Goldstein & Sons, Inc.*, 166 Ga. App. 547 (305 SE2d 10) (1983).

hired by appellee, and that without the plat, the evidence would have been insufficient to support the judgment. The first argument regarding the admissibility of the plat is based on the alleged failure of the surveyor to determine and use the "350 contour line" to which reference is made in the deeds to both parcels of property. That argument fails because it is unsupported by the record which shows that the surveyor found and relied upon that contour line and plainly marked it on the plat he prepared for appellee's use at trial.

Appellant's argument that the plat was inadmissible because of failure to meet the technical requirements of OCGA § 15-6-67 is also without merit. Nothing in that Code section, which deals only with recordation of plats, refers to the admissibility of plats. That the legislature intended the requirements for recordation to be limited to that purpose is evident from the provision in OCGA § 15-6-69 (a) that failure of a plat to meet the requirements of § 15-6-67 shall not affect or invalidate any legal description or legal instrument based on the plat. Here, as in *Durden v. Kerby*, 201 Ga. 780 (1) (41 SE2d 131) (1947), where a plat was admitted although it did not meet the technical requirements which would make it presumptive evidence, the admission of the plat was proper for the purpose of illustrating other competent testimony regarding the boundary. See also *King v. Browning*, 246 Ga. 46 (1) (268 SE2d 653) (1980). The evidence, which properly included the plat, was sufficient to support the jury's verdict.

2. Appellant's other complaint on appeal is that the injunctive relief granted to appellee did not correctly reflect the jury's verdict. The jury found, on a form presenting them with two issues regarding boundaries, that the line between the lots involved was as contended by appellee. Handwritten on the verdict form was an additional note in which the jury requested that the trial court allow "the Defendant's residence to remain as to the Defendant's wishes or his heirs or future owners." The trial court's judgment provided that appellant was enjoined from coming onto appellee's property, "Provided However, that the portion of Defendant's dwelling house as presently existing and encroaching . . . on Plaintiff's land is permitted to remain as a permissive encroachment." Appellant contends on appeal that the judgment conflicts with the intent of the jury's verdict because the injunction as worded will not permit appellant to go onto appellee's property in order to maintain the portion of the structure which encroaches on appellee's property.

A trial court has authority to amend a verdict in matters of form, or to put it in such shape as to speak the true intent of the jury in accordance with the pleadings and the evidence; but it does not have authority to write a new verdict different from the one returned by the jury. *Davis v. Wright*, 194 Ga. 1 (4) (21 SE2d 88) (1942). The record of this case does not demonstrate that the jury intended appel-

lant to have further access to appellee's property. The question of whether appellant would have authority to enter onto appellee's property to maintain his house was not presented to the jury and no evidence was offered to show the necessity for such entry. Amendment of the judgment to conform to the verdict must be done by reference to the record, without the aid of parol proof. *Turley v. Turley*, 244 Ga. 808, 809 (262 SE2d 112) (1979).

Based on an analogy to the law of easements, but without any authority to support the analogy, appellant argues on appeal, as he did on motion for new trial, that the right to keep his house where it is brings with it those rights requisite to its fair enjoyment. We do not find that analogy to be apt. Appellant has not been granted an easement, but has been shown mercy by the jury notwithstanding his illegal encroachment on appellee's property. The judgment entered by the trial court included every finding made by the jury and was not subject to the amendment appellant requested the trial court to make.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 1994.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Linda S. Finley, Carol V. Clark,* for appellant.

*Robert H. Herndon, Gardner & Gardner, Milton F. Gardner, Jr.,* for appellee.