S95A0289. FANNING v. FANNING.
(457 SE2d 809)

BENHAM, Presiding Justice.

The parties were married in November 1988 and appellant husband filed for divorce in August 1992. A jury trial on the issue of equitable division of property resulted in a written verdict that, among other things, awarded appellee wife "$40,000 to be paid as [appellee's] portion of retirement plans." When the verdict was published, the jury foreperson stated, in response to the trial court's request for clarification on the method of payment of the award, "We decided that he would — that he could choose to give her one lump sum in cash or they could roll it over into an IRA. That needs to be decided by them." In its final judgment incorporating the jury verdict, the trial court awarded appellee $40,000 as her equitable share of the marital pension and retirement assets, "payable in cash within six months after entry of judgment." Asserting that the trial court's judgment did not accurately reflect the jury's verdict, appellant filed a motion to set aside or amend the judgment, which motion was denied. We granted appellant's application for discretionary review, asking the parties to address whether the trial court's judgment conformed to the jury verdict.

1. The trial court immediately recognized upon receipt of the jury's verdict that it was potentially the subject of more litigation because it did not state the method by which the retirement funds were to be transferred to appellee. Faced with such a verdict, it was the

trial court's duty to call the jury's attention to the verdict's deficiency and have it corrected. *Jordan v. Downs*, 118 Ga. 544, 546 (45 SE 439) (1903). The trial court was then authorized to shape the verdict to reflect the jury's intent in accordance with the pleadings and the evidence, but did not have the authority to write a verdict different from that returned by the jury. *Purcell v. C. Goldstein & Sons*, 264 Ga. 443, 444-445 (448 SE2d 174) (1994). The jury foreperson informed the trial court that the jury intended the parties to determine the method of payment, but the judgment entered by the trial court did not reflect that portion of the jury's verdict and instead ordered the retirement funds to be paid to appellee in cash within six months. As the judgment did not accurately reflect the jury's verdict, we must vacate the judgment entered and remand the case to the trial court for entry of a judgment which states that the parties are to decide the method by which the retirement funds are to be transferred to appellee. The trial court has the authority to set a date certain by which the parties are to decide the method of payment, and the parties are reminded that failure to achieve agreement by any deadline set by the trial court in the revised judgment may subject them to continued litigation in the trial court. *Weaver v. Jones*, 260 Ga. 493 (1) (396 SE2d 890) (1990).

2. In support of his position that the trial court's judgment did not conform to the jury's verdict, appellant relies upon the post-trial affidavit executed by the jury foreperson in which the juror states the jury intended the $40,000 award to be in the form of an IRA or similar tax-sheltered or deferred account, the contents of which were to be owned by, but not immediately available to appellee wife, and that appellant husband would suffer no penalty or additional income tax liability in funding the account. After having the mechanics of a "Qualified Domestic Relations Order" explained to her by appellant's counsel, the juror averred that such an order would achieve what she had attempted to explain to the trial court when the verdict was returned was the intent of the jury's verdict.

> The amendment of the judgment to conform to the verdict must be done by reference to the record without the aid of parol proof. [Cit.] It is improper to amend the judgment on the basis of what one of the jurors says the jury intended. [Cit.]

*Turley v. Turley*, 244 Ga. 808, 810 (262 SE2d 112) (1979). Accordingly, the affidavit executed by the jury foreperson could not serve as the basis for amending the judgment entered.

*Judgment vacated and remanded with direction. All the Justices concur.*

Decided May 15, 1995 —
Reconsideration denied June 30, 1995.

*Banks & Stubbs, Rafe Banks III,* for appellant.
*T. Russell McClelland III, W. Alford Wall,* for appellee.