### A04A0781. BLEVINS v. BROWN.
(600 SE2d 739)

JOHNSON, Presiding Judge.

The issue in this case is whether a trial court order improperly made two alterations to a jury verdict. We find that the order did improperly alter one part of the verdict, but not the other.

On March 10, 1998, Sharon Brown filed a divorce action against her husband, Billy Brown. In the complaint, she also named her husband's mother, Jean Blevins, as a defendant, claiming that Blevins held title to a house which was actually marital property subject to equitable division in the divorce action. About a year later, the trial court found that Blevins had not timely answered the complaint, and it entered a default judgment against her, ruling that she held the property in trust for the benefit of Sharon and Billy Brown.

The lawsuit proceeded to a jury trial. On April 22, 1999, the jury returned its verdict, which provided that the real property in question should be sold, that the proceeds from the sale should be used to pay off the marital debts of approximately $19,000, and that after payment of such debts all the remaining proceeds from the sale of the house should be paid in a lump sum to Blevins as compensation for her management of the property while holding it for the Browns. The verdict also divided personal property from the marriage, providing, among other things, that Sharon Brown should receive a 1991 Mazda

---

[5] *Ponder v. State*, 260 Ga. 840, 841-842 (1) (400 SE2d 922) (1991).

[6] *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995).

pickup truck. The trial court then entered its final judgment, granting the divorce and ordering that the money from the sale of the property be disbursed, and the personal property divided, as directed by the jury verdict.

Blevins appealed to the Supreme Court, challenging the trial court's default judgment against her. The Supreme Court held that the default judgment was erroneous and remanded the case to the trial court for disposition of the equitable division claim as against Blevins.[1] On remand a jury trial was held on that claim, and the jury found that Blevins had in fact held the real property in trust for the benefit of Sharon and Billy Brown. The trial court entered its final judgment, again ordering that the property be sold, that the proceeds of the sale be used to pay off the marital debts of $19,861, and that any remaining proceeds be paid to Blevins.

Approximately four months after that judgment, Sharon Brown filed the instant lawsuit against her former husband and Blevins. She sought appointment of a receiver to sell the house and to disburse the sale proceeds as directed by the final divorce decree, and she further claimed that the pickup truck and other personal property awarded to her in the divorce decree had been wrongfully converted by her former spouse and Blevins. A receiver was appointed, the real property was sold, and proceeds of $24,226 were deposited into the court registry.

In the meantime, Blevins voluntarily paid $19,016 of her own money toward the outstanding marital debt, while Sharon Brown had paid $2,750 toward the debt. Thereafter, an evidentiary hearing was held and the court entered its final order. Despite the fact that the amount of the marital debt identified in the divorce decree had been satisfied, primarily by Blevins' voluntary payment, the trial court ordered that $19,861 of the money in the court registry be sent to creditors to pay the marital debt. The court further ordered that any resulting overpayment to creditors must then be returned to Sharon Brown.

The court also found that Sharon Brown had met the burden of proof required to recover on her claim that her former husband and Blevins had unlawfully converted the pickup truck for their own use. The court found that the value of the truck at the time of conversion was $3,475, and it ordered that Brown receive that sum from the funds in the court registry as compensation for the unlawful conversion.

Blevins appeals, arguing that the trial court, in ordering that Sharon Brown receive any overpayment of the marital debt and that

---

[1] *Brown v. Brown*, 271 Ga. 887, 888 (525 SE2d 359) (2000).

she be compensated for the unlawful conversion of the pickup truck, improperly altered the substance of the jury verdict in the divorce action. We agree that the court erroneously modified the verdict by awarding any overpayment of marital debt to Sharon Brown, but the court did not err in ordering that she be compensated for the conversion of the truck.

1. While the mere form of a final verdict may be amended, the substance of a verdict may not be amended once it has been received and recorded and the jury has dispersed.[2]

> After dispersal of the jury, the judge has no power either to add to or take from the findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury. Nor can the trial judge accomplish the same result by amending the verdict in a matter of substance by entering a decree different from the verdict of the jury, thereby eliminating substantial findings of the verdict and thus substantially modifying or changing the other findings of the jury. To do so requires the judge to find facts which the jury did not, and thus usurp their peculiar province.[3]

In the instant case, the jury plainly stated in its verdict that Blevins is to be awarded all of the profits remaining from the sale of the real property after the marital debts of approximately $19,000 have been paid in full. The property sale resulted in proceeds of $24,226 being deposited into the court registry. So if all the marital debts were still outstanding, Blevins would be entitled to approximately $5,000 — minus the value of the unlawfully converted pickup truck — as the profits remaining after payment of the debts.

However, the marital debts have already been satisfied due to Blevins' voluntary payment of some $19,000 toward the marital debt. Consequently, pursuant to the jury verdict mandate that she receive all of the house sale profits after payment of those debts, Blevins is entitled to all of the money that is in the court registry as the proceeds from the sale of the property — minus the amount properly awarded to Brown as damages for the truck conversion.

The trial court, in ordering that $19,861 of the house sale proceeds be paid toward nonexistent debts and that the resulting overpayment then be returned to Sharon Brown, has completely

---

[2] OCGA § 9-12-7.

[3] (Citations and punctuation omitted.) *Bass v. Barrett*, 190 Ga. App. 314, 315 (378 SE2d 722) (1989).

undermined the jury verdict by giving Brown a windfall of approximately $19,000 that the jury did not intend, while denying Blevins the proceeds from the house sale awarded to her in the verdict. Since the effect of the trial court's order is an improper amendment of the substance of the final verdict, we hereby reverse the trial court's finding that any overpayment of the marital debt be returned to Sharon Brown, and we direct the court to issue a new judgment in conformity with the jury's verdict.[4]

2. Contrary to Blevins' claims, the trial court did not amend the substance of the verdict by ordering that Brown receive $3,475 as damages for the unlawful conversion of her truck. In the verdict, the jury clearly awarded the truck to Sharon Brown. The trial court subsequently found that Billy Brown and Blevins violated the verdict by unlawfully converting the truck to their own use, and Blevins has not challenged that finding on appeal.

The court's judgment must conform to the reasonable intendment of the verdict upon which it is based.[5] Here, the trial court has not undermined the verdict, but has conformed its ruling to the reasonable intendment of the verdict by ordering that Sharon Brown receive damages for the unlawful conversion of the truck that the jury had awarded to her. That portion of the trial court's ruling is thus affirmed.

*Judgment affirmed in part and reversed in part. Smith, C. J., and Phipps, J., concur.*

DECIDED JUNE 3, 2004.

*Pamela M. Spencer*, for appellant.
*Clarke, Moore & Hall, Arthur H. Clarke, Jr.*, for appellee.

---

[4] See *Voxcom, Inc. v. Boda*, 221 Ga. App. 619, 620 (472 SE2d 155) (1996).
[5] OCGA § 9-12-9; *Turley v. Turley*, 244 Ga. 808, 809 (262 SE2d 112) (1979).