S05A0883. HUNSTEIN v. FIKSMAN et al.
S05X0884. YALE MORTGAGE CORPORATION v. FIKSMAN et al.
(615 SE2d 526)

CARLEY, Justice.

This appeal and cross-appeal arise out of a dispute over title to a two-acre residential tract located on Wieuca Road in Atlanta. Diana Fiksman, in both an individual and a representative capacity, claims unencumbered fee simple title to the real estate through her late husband, Alex Fiksman. She filed a quiet title action, seeking to

remove as clouds on her title two security deeds held by Yale Mortgage Company (Yale) and a lien for attorney's fees filed by Ralph Hunstein in 1997.

Hunstein answered. Yale answered and counterclaimed, seeking a determination that its security deeds were valid and enforceable instruments. After discovery, Yale moved for summary judgment. The trial court denied the motion as against Mrs. Fiksman, concluding that genuine issues of material fact remained as to whether her title was unencumbered by the security deeds. The trial court did, however, grant Yale's motion for summary judgment against Hunstein, holding that the lien should be removed for his failure to take any action either to collect on the debt or to foreclose on the real property within four years from the date the fees were first claimed.

Hunstein appealed to the Court of Appeals from the grant of summary judgment as to the unenforceability of his lien, and Yale filed a cross-appeal from the denial of its motion for summary judgment. Since the underlying action is an action to quiet title, the Court of Appeals transferred the two appeals to this Court as cases coming within our title to land jurisdiction.

### Case Number S05A0883

1. In *Johnson v. Giraud*, 191 Ga. 577, 583-584 (3) (13 SE2d 365) (1941), this Court held that a client's debt for attorney's fees is

> in the form of an open account and [is] subject to the statute of limitations of four years, and [if] it remain[s] in the form of an open account for a period exceeding four years it [will] become barred by limitation, and if the debt is barred then the lien is likewise barred ([cit.]). . . .

Thus, foreclosure of a lien for attorney's fees "is time-barred when a claim on the underlying debt has become time-barred. [Cit.]" *Hornsby v. Hunter*, 262 Ga. App. 598, 601 (2) (585 SE2d 900) (2003). There is no dispute that Hunstein could not successfully sue to recover the attorney's fees, because more than four years have passed since his cause of action arose. *Jones v. Wellon*, 237 Ga. App. 62, 66 (514 SE2d 880) (1999). Compare *Hornsby v. Hunter*, supra. Therefore, the trial court correctly granted summary judgment as to the unenforceability of his lien.

### Case Number S05X0884

2. Yale's recovery as against Mrs. Fiksman depends upon the strength of its own title, not any weakness in hers. *Smith v. Ga.*

*Kaolin Co.*, 269 Ga. 475, 477 (2) (498 SE2d 266) (1998). Its immediate grantor was Beverly Manor Associates, Inc., which claimed title pursuant to a deed to the property executed by Wieuca Partners, Inc. (WP) in 2001. Yale contends that WP took title from Mr. Fiksman in 1993. Thus, the validity of the claim that Yale's security deeds are valid and not clouds on Mrs. Fiksman's title ultimately stands or falls based upon whether WP acquired title to the property from her husband.

In 1993, Mr. Fiksman executed a quitclaim deed conveying the property to an entity named Wieuca Partnership, Inc. (WPshipI). At the time this instrument was executed, WP was not in existence. Mrs. Fiksman contends that, although "WPshipI" denotes a corporate entity, the grantee was in fact a general partnership composed of her husband, Thomas Pierce and several others. The question of the intended grantee is further complicated by the fact that, only a few weeks after the conveyance to WPshipI, Mr. Fiksman and Mr. Pierce did create a corporation bearing the very similar name of WP. Yale asserts that, even though the 1993 deed named WPshipI as the grantee, that was a misnomer and the true grantee was the subsequently incorporated WP. However, the evidence must be construed most strongly against Yale, as the movant for summary judgment. When that is done, genuine issues of material fact remain as to the actual grantee in the 1993 deed executed by Mr. Fiksman.

3. Yale also contends that, as the result of certain actions by her husband, Mrs. Fiksman is estopped from denying that the intended grantee in the 1993 quitclaim deed was a corporation and that WP was that corporate grantee. "Estoppel is usually an issue of fact to be decided by the jury. [Cit.]" *Vines v. Citizens Trust Bank,* 146 Ga. App. 845, 848 (1) (247 SE2d 528) (1978). Construing the evidence most strongly against Yale, genuine issues of material fact remain as to whether Mrs. Fiksman is estopped to deny that WP was the intended grantee of the conveyance he executed in 1993.

4. Yale further asserts that Mrs. Fiksman's claim is time-barred, because suit was not filed within seven years of discovery of grounds for challenging the 1993 deed. However, she does not seek to cancel that or any conveyance for fraud. Compare *Troup v. Troup,* 248 Ga. 662 (285 SE2d 19) (1981). Instead, her position appears to be that the 1993 deed was a conveyance to a partnership, rather than a conveyance to WP through which Yale traces its title. The burden was on Yale to show that the grantee was WP, notwithstanding that that corporation was not then in existence and that the reference in the instrument was to "WPshipI." As previously noted, genuine issues of material fact remain as to that issue.

Rather than Mrs. Fiksman's compliance with the seven-year statute of limitations, the appropriate inquiry is whether the equitable defense of laches bars her action to remove Yale's two security deeds as clouds on her title. In that regard, she apparently has remained in possession of the property throughout the relevant periods. " 'Laches will not be imputed to one in peaceable possession of property, for delay in resorting to a court of equity to establish his right to the legal title.' [Cits.]" *Shirley v. Shirley*, 209 Ga. 366 (2) (72 SE2d 719) (1952). Therefore, the trial court correctly denied summary judgment to Yale as to this defensive issue.

5. To the extent that any remaining enumerations of error are not otherwise resolved by the previous holdings, they are moot.

*Judgments affirmed. Fletcher, C. J., Sears, P. J., Benham, Thompson and Hines, JJ., and Judge Samuel D. Ozburn concur. Hunstein, J., disqualified.*

DECIDED JUNE 30, 2005 —
RECONSIDERATION DENIED JULY 21, 2005.

*Ralph J. Hunstein*, pro se.

*Smith, White, Sharma & Halpern, Furman Smith, Jr., Deming, Parker, Hoffman, Green & Campbell, James T. Freaney, Scott Waters, Jr.*, for Fiksman et al.

*Smith, Gambrell & Russell, Thomas M. Barton, Edward D. Burch, Jr.*, for Yale Mortgage Corporation.