S08A0857, S08X0859. SACKS et al. v. MARTIN et al.;
and vice versa.

(670 SE2d 417)

BENHAM, Justice.

After purchasing 77.66 acres of real property in Franklin County in 1999, Robert and Geraldine Sacks filed a petition to quiet title pursuant to OCGA § 23-3-60 et seq. The Martins (Thomas Bush Martin and G. Parks Martin, as executor of the estate of James D. Martin) filed a counterclaim in which they disputed the inclusion of a triangular-shaped tract containing 5.43 acres within the acreage claimed by the Sackses. After conducting a hearing, the special master appointed by the superior court pursuant to OCGA § 23-3-63 awarded the 5.43-acre tract to the Martins after finding they had established their claim of adverse possession. The superior court adopted the findings and recommendations of the special master and awarded fee simple title in and to the disputed tract to the Martins.

The Sackses filed an appeal in which they contend they have title to the disputed parcel by deed or prescription under color of title, thereby trumping the Martins' claim under adverse possession; the Martins' counterclaim was barred by laches; the legal description of the property in the trial court's decree was inaccurate; and they were wrongfully deprived of their right to a jury trial. The Martins filed a cross-appeal in which they contend the trial court should have awarded them fee simple title based on their vesting deed; the trial court should have found a boundary was set by acquiescence or oral agreement in 1944; and the trial court erred when it found fee simple title conditionally in the Sackses.

The Sackses received title under a deed from the Smiths in April 1999. The Smiths acquired the property in July 1992 from Watkins who had acquired the property three months earlier from Jordan. The Crumps were several links down from Jordan in the Sackses' chain of title. The Martins purchased their property in January 1944 from McEntire, who had acquired the property in a sheriff's tax sale in 1934. Affidavits established that the Martins and the Crumps agreed in 1944 upon a boundary line that put the disputed parcel within the Martin tract, a fence was erected along that line, and a ditch six feet deep and six to eight feet in width was dug along the fence line in 1970 to drain floodwaters from the disputed parcel. Affidavits further showed that the Martins used the property to grow crops through 1949 and to graze cattle thereafter, used dynamite blasting to induce drainage, and fertilized and turned the ground within the fenced area and ditch. The Sackses purchased the property with knowledge of surveys of record showing the fence, they encountered the fence when they walked their property and, after the purchase, had to cut the fence in order to gain access to the

disputed parcel. The Crump heirs executed affidavits indicating that Mr. Crump grew and cut hay on the disputed parcel in the late 1940s and early 1950s, and subsequent owners in the Sackses' chain stated they had posted the property, cut timber from the property and maintained an old road bed along the eastern property line of the tract. A processioning took place in 1991-1992 and found the disputed parcel to be within the tract now owned by the Sackses.

Addressing the question of fee simple title, the trial court determined the Martins did not validate their claim to fee simple title because the 1944 McEntire-Martin deed did not provide an accurate description of the property by including a survey or metes-and-bounds description of the property conveyed. The trial court found that fee simple title to the disputed tract was clearly established in the Sackses for a period of more than seven years. Addressing the competing claims of adverse possession, the trial court discounted the Sackses' claim of constructive possession under OCGA § 44-5-166 (a),[1] finding that adjacent property owners cannot gain title by prescription through constructive possession, and finding that the adverse acts to ownership performed by their predecessors in title did not rise to the level of adverse possession. The trial court determined that the Martins' construction of the ditch and fence to the exclusion of others and their farming functions on the land for over 20 years constituted ample evidence of adverse possession that vested title by prescription to the disputed parcel in and to the Martins.

1. The Sackses maintain on appeal that their constructive possession under OCGA § 44-5-166 (a) of the disputed tract described by their deed is superior to the adverse possession of the Martins without claim of right and no color of title. The Sackses assert that they and their predecessors acquired title by prescription after seven years in public possession (from the April 1992 recording of the warranty deed to Watkins) of a portion of the tract to which they had paper title, having acquired the property in good faith. See OCGA § 44-5-164.

The trial court found fee simple title in and to the disputed property to have been clearly established by the Sackses and their predecessors for a period of more than seven years. However, the trial court went on to find that, in essence, the actual adverse possession of the disputed tract by the Martins, evidenced by the ditch, the fence, and the farming functions for over 20 years

---

[1] "Constructive possession of lands exists where a person who has paper title to a tract of land is in actual possession of only a part of the tract. In such case, possession shall be construed to extend to the boundary of the tract."

prevailed over the Sackses' constructive possession. The trial court did not err in making such a ruling since "[a]ctual adverse possession by one claimant is inconsistent with and will prevail over mere constructive possession by another claimant." *Shahan v. Watkins*, 194 Ga. 164, 167 (3) (21 SE2d 58) (1942).

2. The trial court's judgment was entered without the intervention of a jury. On appeal, the Sackses complain they were wrongfully denied the jury trial to which they were entitled under the Seventh Amendment to the United States Constitution ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ."), and under OCGA § 23-3-66 ("any party to this proceeding may demand a trial by a jury of any question of fact. . . .").

Although the right to a civil jury trial enjoys federal constitutional protection under the Seventh Amendment, the United States Supreme Court has not held that the right is an element of due process applicable to state courts through the Fourteenth Amendment. *Curtis v. Loether*, 415 U. S. 189, 192, n. 6 (94 SC 1005, 39 LE2d 260) (1974). Accordingly, the lack of a jury trial in a civil action did not deprive the Sackses of their constitutional right to a jury trial as protected by the Seventh Amendment. See *Nodvin v. State Bar of Ga.*, 273 Ga. 559 (4) (544 SE2d 142) (2001).

Nor were the Sackses deprived of their statutory right to a jury trial under OCGA § 23-3-66. The demand for jury trial must be filed prior to the time the special master hears the case (*Thornton v. Reb Properties*, 237 Ga. 59 (226 SE2d 741) (1976)), and the Sackses did not seek a jury trial until after the special master's decision was issued. The Sackses maintain alternatively that their demand was timely because it was made before the special master held a hearing at which sworn testimony was taken, or that they were entitled to rely on the demand for jury trial filed by an adverse party.[2] Even if we assume for the sake of argument that the Sackses' demand for jury trial was timely filed or that they were entitled to "piggy-back" on the demand filed by another party, the demand is honored only if the evidence presents a question of fact. OCGA § 23-3-66. See *Watkins v. Hartwell Railroad Co.*, 278 Ga. 42 (597 SE2d 377) (2004); *Paul v. Keene*, 272 Ga. 357, 358 (529 SE2d 135) (2000). The special master held a hearing on cross-motions for summary judgment filed by appellants and appellees (as well as the motions to dismiss and for

---

[2] Before the special master's hearing, Jordan, another property owner who filed a pleading in opposition to the Sackses' petition for quia timet, filed a demand for jury trial. Jordan withdrew his demand for jury trial at the hearing before the superior court prior to the superior court's entry of its order adopting the report and recommendation of the special master.

summary judgment filed by a property owner not part of this appeal), and the special master's report recommended the grant of summary judgment to the Martins. Since the special master found no question of fact to exist and the Sackses have not made us aware of the existence of a question of fact, the failure to provide a jury trial, even if timely requested, was not error.

3. In their 2001 counterclaim to the Sackses' petition to quiet title, the Martins claimed fee simple title to the 5.43-acre tract in dispute by deed or by prescription due to adverse possession of more than 20 years, and sought to remove any clouds upon their title. The Sackses unsuccessfully asserted before the special master and the trial court that any claim to title by the Martins is barred by laches because, despite having had notice of a 1991-1992 processioning that established a boundary line which put the disputed acreage within the property claimed by the Sackses, the Martins did not file a protest after the processioning.

"In rural areas, processioning has long been a favorite method of establishing boundaries." Hinkel's Pindar Georgia Real Estate and Procedure, Vol. I, § 13-51 (6th ed. 2004). Its object "is to settle disputes of boundary lines between coterminous landowners, and the proceeding is not designed as a substitute for an action . . . to settle title, which is not directly involved. . . ." *Byrd v. McLucas*, 194 Ga. 40, 42 (20 SE2d 597) (1942); *Osborne v. Thompson*, 154 Ga. App. 215 (1) (267 SE2d 852) (1980). The plat of the true lines certified by the county surveyor as a result of the processioning is kept on file in the probate court (OCGA § 44-4-4) and "in all future boundary disputes with any owner of adjoining lands who had due notice of the processioning, . . . shall be prima facie correct; and . . . shall be admissible in evidence without further proof. . . ." OCGA § 44-4-3. An owner of adjoining land dissatisfied with the lines run and marked by the processioners and the surveyor may file a protest to be tried in superior court, the judgment of which is binding on the protestant and the protestant's privies. OCGA § 44-4-9; *Holmes v. Blount*, 245 Ga. 757, 758 (267 SE2d 228) (1980). However, it is not mandatory that a dissatisfied landowner file a protest and, in the absence of a protest, the processioning does not acquire res judicata effect. Id.

The trial court ruled that evidence presented by the Martins — that the processioners in 1992 overlooked the decades-old fence, pieces of which were imbedded into trees, and the ditch dug by the Martins about 20 years before the processioning — overcame the presumption of correctness of the processioners' return. With regard to laches, we agree with the trial court's determination that the Martins had been in actual possession of the disputed tract and

" '[l]aches will not be imputed to one in peaceable possession of the property, for delay in resorting to a court of equity to establish his right to the legal title.' [Cit.]" *Hunstein v. Fiksman*, 279 Ga. 559, 562 (4) (615 SE2d 526) (2005).

4. In a cross-appeal, the Martins contend the trial court erred when it denied their motion for summary judgment which sought fee simple title to the disputed parcel based on the Martins' title by deed. Inasmuch as we have affirmed the trial court's award of the disputed parcel to the Martins based on the grant of the Martins' motion for summary judgment based on their adverse possession, we perceive no need to address the enumerations of error contained in the cross-appeal. *Turpin v. Bennett*, 272 Ga. 57, 58-59 (525 SE2d 354) (2000) (having affirmed the judgment in favor of the cross-appellant, the appellate court need not address the claims raised in the cross-appeal seeking the same relief); *Hubbard v. Dept. of Transp.*, 256 Ga. App. 342 (5) (568 SE2d 559) (2002) (appellate court need not address the merits of a cross-appeal citing as error the denial of a motion for summary judgment where the entry of judgment in favor of the cross-appellant was affirmed in the main appeal).

5. The Sackses contend the trial court's judgment erroneously contained a legal description of the Martins' tract despite the acknowledged fact that a property owner adjacent to the Martin tract was not served with notice of the action. The trial court's order expressly states that its decree is "subject to any claims by [the unserved adjacent property owner]. . . ." Accordingly, the trial court did not err in entering its judgment and decree.

*Judgment affirmed in Case No. S08A0857. Case No. S08X0859 dismissed as moot. All the Justices concur.*

DECIDED NOVEMBER 17, 2008 —
RECONSIDERATION DENIED DECEMBER 15, 2008.

*Amelia T. Phillips*, for appellants.
*Truett Smith*, for appellees.