# THE COLORADO STATE BANK OF DURANGO v. DAVIDSON ET AL.

1. ATTORNEY'S LIEN.

As between attorney and client, a lien attaches in favor of the former upon any judgment he may have obtained for his fees.

2. SAME—NOTICE.

If an attorney desires to hold a lien upon a judgment to secure the payment of his fees, he must notify the judgment debtor; and the notice must be followed within a reasonable time by suit to enforce the claim.

3. SAME.

The filing of a paper claiming an attorney's lien upon a judgment in the office of the clerk of the court, and the making of an entry to that effect on the margin of the record of the judgment, does not operate as notice.

4. RECORD—NOTICE.

A record for which there is no provision of law is not constructive notice.

5. PARTIES.

The judgment creditor is an indispensable party to an action to enforce an attorney's lien upon a judgment.

6. PARTIES, WHEN DEFECT OF NOT WAIVED.

The code provision that a defect of parties defendant is to be deemed waived if the objection is not raised by demurrer or answer is applicable only where the cause can proceed to trial and judgment without the absent parties.

7. EQUITY—LIENS.

Generally, if one party has a lien upon two funds, and another has a junior lien upon only one of them, the former may be compelled to so proceed as to preserve the equity of the latter in so far as that can be done.

*Appeal from the District Court of La Plata County.*

Messrs. GALBREATH & SEARCY and Messrs. C. E. & F. HERRINGTON, for appellant.

Mr. C. A. PIKE, Mr. W. C. DAVIDSON and Mr. GEO. T. SUMNER, for appellees.

THOMSON, J., delivered the opinion of the court.

This action was brought to enforce an attorney's lien upon a judgment. In April, 1892, M. R. Shields recovered judgment against the board of county commissioners of La Plata county for $5,266.38. The plaintiffs, Davidson & Pike, a firm of lawyers, were the attorneys of Shields, and, in his behalf, instituted and conducted the proceedings which resulted in the judgment. On the 13th day of May, 1892, the plaintiffs filed the following paper with the clerk of the district court:

"STATE OF COLORADO,  }
"COUNTY OF LA PLATA, }  ss.

"M. R. SHIELDS,
   vs.      } In the District Court.
THE BOARD OF COUNTY COMMIS-
SIONERS OF LA PLATA COUNTY.  }

" ATT'Y LIEN.

" We, the undersigned, attorneys, and attorneys of record in the above entitled cause, hereby claim and file this our lien for services as attorneys in the sum of $1025, against the judgment entered of record April 11th, 1892, in this case.
      "DAVIDSON & PIKE, Att'ys."

At the same time the following entry was made upon the margin upon the record of the judgment:

"Attorneys lien filed by Davidson & Pike, May 13th, 1892."

After this entry was made, and on the same day, Shields assigned the judgment to James W. Veitch, who immediately assigned it to The Colorado State Bank of Durango. Both assignments were made upon the same day, and were in writing upon the record of the judgment. On May 26th,

1892, the plaintiffs filed the following additional paper with the clerk:

" To THE HON. COMMISSIONERS OF LA PLATA COUNTY,

" Gentlemen: You are hereby notified that we have claimed and filed a lien upon the judgment heretofore obtained by M. R. Shields against the county of La Plata in the district court of said county, at the March term thereof; the said claim amounts to $1025.00 and is for fees due from said Shields to us; and you will please reserve the above amount in any settlement of said judgment; otherwise we shall hold you liable therefor.

" Respectfully,<br>" DAVIDSON & PIKE."

This suit was commenced on the 14th day of February, 1893, in the county court of La Plata county, against M. R. Shields, J. W. Veitch and The Colorado State Bank of Durango. All the defendants were duly served with summons, and appeared to the action. After a demurrer had been sustained to the complaint on the ground of a misjoinder of parties defendant, the plaintiffs dismissed the action as to the defendant Shields. The result in the county court having been adverse to the plaintiffs, they appealed the case to the district court of the same county, where, after sundry rulings and amendments, an amended complaint was filed, making M. R. Shields, The Colorado State Bank of Durango, and the board of county commissioners of La Plata county defendants. Summons was thereupon issued against Shields and the board of commissioners, which was served upon the board, but not upon Shields. Shields made no appearance in the cause. The amended complaint set forth the facts of the recovery of the judgment, the filing of the claim of lien, its entry upon the margin of the judgment, the assignments by Shields to Veitch, and by him to the bank; averred that the plaintiffs gave due and proper notice of their lien to the board of commissioners; that Veitch paid no consideration for the judgment, but was the agent of the

bank; that the bank took the assignment with full knowledge of the plaintiffs' lien; that the board of commissioners afterwards satisfied the judgment by payment of its amount to the bank; and prayed that the amount of the plaintiffs' claim be adjudged a lien upon the judgment, and that the bank be decreed to account for and pay to the plaintiffs the full sum claimed. The answer of the bank denied each and every allegation of the complaint, and averred the sale and assignment of the judgment to it for a valuable consideration. The board of commissioners made no answer. Upon the final hearing a decree was rendered according to the prayer of the complaint, from which the defendant bank has prosecuted an appeal to this court.

The only authority for a proceeding of this kind is section 85 of the General Statutes. That section reads as follows:

" All attorneys and counsellors at law shall have a lien upon any money or property in their hands, or upon any judgment they may have obtained belonging to any client, for any fee or balance of fees due, or any professional service rendered by them in any court of this state, which said lien may be enforced by the proper civil action."

It will be seen that the section provides no method of formally asserting the lien in the first instance. It attaches, upon the recovery of the judgment, by virtue of the statute itself, and without action of any kind on the part of the attorney. Whether he will rely upon his lien is, of course, optional with himself. He may feel sufficiently secure without it, and may, therefore, have no desire or intention of looking to the judgment for his pay. The statute provides for no visible evidence of his reliance upon the lien, except the institution of proceedings for its enforcement; and so long as his purpose in that direction is unknown outside of himself, the lien binds the judgment only as against his client. If the judgment debtor, in ignorance of any intention of the attorney to pursue the judgment, pays it, he will be protected in his payment; the judgment will be satisfied, and the lien

upon it extinguished. If the attorney expects satisfaction of his claim out of the judgment, he must so notify the judgment debtor; and the notice must be followed, within a rea sonable time, by suit. *B. & C. S. Co. v. Plees*, 9 Colo. 112; *Fillmore v. Wells*, 10 Colo. 228.

There is no evidence in the record that the board of commissioners received any notice, or had any knowledge of the plaintiffs' intention to resort to the judgment, until the service of the summons upon it in this action. The papers filed with the clerk of the district court, and the entry upon the margin of the record of judgment, were without effect as against any person who had not actually read them. There is no authority in the statute for such filing or such entry, and a record for which there is no provision of law is not constructive notice. Wade on Notice, sec. 119. Upon the satisfaction of the judgment, therefore, the right of the plaintiffs to any order or judgment against the board in the matter of their lien was lost.

It also appears from the evidence that the bank took its assignment of the judgment without any notice or knowledge of the plaintiffs' claim; and if it had been a purchaser, it would have been as entirely beyond the reach of any proceeding which the plaintiffs could institute as the board of commissioners. However, it appears that the bank did not purchase the judgment, but took the assignment merely as security for an indebtedness owing to it by Shields. The lien which it thus acquired outranked that of the plaintiffs, as a consequence of their delay in instituting their proceedings, and its want of notice. But, although subject to the lien of the bank, their lien continued to exist; and when, by payment, the judgment was converted into a fund, it followed the fund, and was a lien upon it to the extent of any surplus which might remain after the demand of the bank should be satisfied; and the original lien upon the judgment could be enforced against such surplus, in a proper proceeding for the purpose, as long as it remained in the hands of the bank.

But Shields is an indispensable party to any proceeding

of that kind.    There can be no relief against the bank without a judgment against him.    The liability of the bank is contingent upon the establishment of the claim of the plaintiffs against Shields, but there can be no judicial inquiry into that until he is in court, either by voluntary appearance or by service of summons upon him.    See *Davis v. Mouat Lumber Co.*, 2 Colo. App. 381.

But the plaintiffs say that the objection of a defect of parties defendant has been waived.    Under the code, a defect of parties, if it appears upon the face of the complaint, is a ground of demurrer; if it does not so appear, the objection may be taken by answer; and if it is not taken either by demurrer or answer, it is waived; but the code provisions upon this subject are applicable only where the cause can proceed to trial and judgment without the missing parties. Where the right to relief against one party depends upon a judgment to be obtained against another, who is not in court, there is something more than a defect of parties.    Without a judicial determination of the indebtedness of Shields to the plaintiffs, which cannot be had in a proceeding to which he is not a party, there is no cause of action against the bank, and the objection of a want of cause of action may be made at any time.

There is evidence tending to show that the bank holds security for its debt upon other property of Shields.    The general doctrine is that if one party has a lien upon two funds, and another has a junior lien upon only one of them, the former may be compelled to so proceed as to preserve the equity of the latter, in so far as it can be preserved. If the facts brings this case within the rule, we think the bank may be required to resort to its other security first, and hold the fund in its hands only for an unsatisfied residue.    But to enable the court to grant such relief, the complaint must contain allegations which this does not; and the rights and remedies of the bank must not be jeopardized or embarrassed by the proceeding.

The judgment will be reversed and remanded with leave to the plaintiffs to amend their complaint, and bring Shields into court by service upon him of the proper process.

*Reversed.*