599 P.2d 275 (1979)
In re the Marriage of Vanell CAMPBELL, Appellant, and
Melva Campbell, Appellee.
No. 78-421.
Colorado Court of Appeals, Div. II.
July 26, 1979.
Addy, Otto, Stauffer & Davidson, Kenneth E. Davidson, Colorado Springs, for appellant.
Robert G. Cale, Colorado Springs, for appellee.
PIERCE, Judge.
Husband seeks review of the trial court's decree of dissolution and final order. We reverse.
The primary asset to be divided was the parties' family home, which was purchased by husband prior to the marriage. Husband contributed approximately $5,000 toward the purchase of the house before the marriage, and an additional $10,000 of equity was accumulated during the marriage.
Custody of the parties' two minor children was awarded to wife, with reasonable rights of visitation in husband. Title to the house was left with husband, but the trial court ordered that wife should have the right to live in the home until both of the minor children became emancipated. The decree provided that it would be wife's responsibility to make the monthly house payments, but husband was ordered to pay the bulk of these payments directly to the lender in lieu of child support. No maintenance was awarded.
The decree further provided that, when both children become emancipated, the home would be sold and the proceeds divided as follows: Husband would get the $5,000 he contributed to the house before the marriage, the parties would divide the $10,000 equity accumulated during the marriage, and the remaining equity would belong to wife.
There is no dispute that the house was husband's separate property before the marriage. Section 14-10-113, C.R.S.1973. And, the trial court correctly declared that the equity accumulated during the parties' marriage was marital property, which it could divide. Section 14-10-113(4), C.R.S.1973.
However, the court committed reversible error when it awarded wife the *276 increase in value occurring after the date of dissolution and ordered the house sold. We are aware of no authority, and wife cites none, which would permit such an award. On the contrary, the statute mandates that separate property remain separate, subject to the narrow exception that any increase in value during marriage is marital property. See § 14-10-113, C.R.S.1973. Any increase in the value of separate property experienced after dissolution of marriage is, by implication, necessarily separate.
The trial court was also in error in ordering that wife, as custodial parent, be permitted to reside in the home until the children's emancipation. Section 14-10-113(1), C.R.S.1973, provides only that the court may divide the marital property of the parties, taking into account several factors which include:
"The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children." Section 14-10-113(1)(c), C.R.S.1973.
Because this home is not marital property, there is no authority within the statute which would allow the court to award possession of this asset to wife after the date of dissolution, nor to direct that it be maintained for the use of the children during their minority.
Because the issues of property division, maintenance, child support, and residence are so closely interwoven, we must remand this case to the trial court for a redetermination of each of these questions consistent with this opinion. See Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006 (1972).
ENOCH, C. J., and SMITH, J., concur.