In re the MARRIAGE OF Peggy Lewis
FLEET, Appellant, Cross-Appellee,

and

Claud D. Fleet, Appellee,
Cross-Appellant.

No. 83CA1029.

Colorado Court of Appeals,
Div. II.

March 21, 1985.

Ralph B. Rhodes, Denver, for appellant, cross-appellee.

Law Offices of Allen B. Alderman, Allen B. Alderman, Denver, for appellee, cross-appellant.

SMITH, Judge.

In this dissolution of marriage action, Peggy Lewis Fleet (wife) appeals the permanent orders entered by the trial court. She seeks review of the trial court's denial of her request for spousal maintenance, attorneys fees, and costs. She also argues that the trial court erred in refusing to extend an order staying the proceeding entered by a prior judge. Claud D. Fleet (husband) seeks dismissal of wife's appeal on grounds that she failed timely to file her C.R.C.P. 59 motion, and that her appeal was brought for delay and harrassment purposes. In support of his cross-appeal, he argues that the court failed to make findings allowing husband a portion of the increase in wife's separate property that had accrued during the marriage. We reverse and remand with directions.

The dissolution proceeding was commenced February 9, 1982. After granting several of wife's motions for continuance, a hearing on permanent orders was scheduled for September 15, 1982. On September 9, 1982, wife filed a suit in a Texas District Court against husband for alleged breaches of his fiduciary duty in administering the probate estate of wife's mother. At the September 15th hearing, the trial court heard, over husband's objections, wife's testimony concerning the Texas litigation. The court consequently stayed all further proceedings because of the pending Texas suit and its potential impact on the division of marital assets. Hearings on permanent orders were rescheduled for January 18, 1983.

In mid-January 1983, the trial judge recused herself from further hearings in the case and a new judge was assigned. He rescheduled the hearing on permanent orders for June 9, 1983. Wife thereafter filed a motion to vacate the hearing citing the original judge's stay as authority. This motion was denied on the basis that the Texas litigation, which had been erroneously filed, had been dismissed. The Texas case was subsequently refiled in the proper court and wife moved for reconsideration of her motion to vacate. Again, her motion was denied.

The hearing was ultimately held and the court entered permanent orders on July 29, 1983, *nunc pro tunc*, July 27, 1983. The trial court set aside to wife her separate property, including that from her mother's estate, and divided the remaining marital assets. The court also denied both parties' requests for attorneys fees and costs and denied the wife's request for spousal maintenance. It is from these orders that wife appeals and husband cross-appeals.

I.

Wife first asserts that the trial court erred in vacating the original judge's stay of proceedings pending resolution of the Texas litigation. We disagree.

■ The decision whether to stay or continue proceedings is one which resides in the sound discretion of the trial court. *Catron v. Catron*, 40 Colo.App. 476, 577 P.2d 322 (1978). Likewise such orders, having once been entered, are subject to modification or vacation whenever deemed necessary or proper in the exercise of the court's sound discretion. *See Gores v. Rosenthal*, 148 Conn. 218, 169 A.2d 639 (1961).

■ It therefore logically follows, and we hold, that a successor judge, having become responsible for the conduct of a case, has the power, in the sound exercise of discretion, to modify existing procedural orders or to enter new ones.

■ Here, nearly a year had elapsed without the entry of final orders. The new

trial judge, having become responsible for the entry of such orders, determined that he could proceed to final orders without the necessity of waiting for a final resolution of the Texas litigation. He found that all marital, as well as separate property, was before the court, and he concluded that he could fully and fairly determine the rights of the parties. These findings and conclusions are supported by the record. In addition, there has been no showing here that any prejudice resulted from the court's decision to proceed with final orders, and we therefore find no abuse of discretion in its decision to proceed despite the prior judge's stay order.

## II.

On cross-appeal, husband first contends that wife lost her right of appeal because she filed her C.R.C.P. 59 motion on August 16, 1983, which was more than fifteen days beyond the date permanent orders were entered. We disagree.

■ Upon entry of the final orders on July 29, 1983, copies were mailed to counsel for the parties. The transmittal letter from the court which accompanied these orders advised the parties that they had "20 days within which to file any motions in this matter." C.R.C.P. 59 provides that a "motion for new trial shall be filed no later than fifteen days after the entry of the judgment, *or such further time as may be allowed by the court....*" (emphasis added) Since the court allowed twenty days to file any further motions, and wife's C.R.C.P. motion was filed within twenty days of July 27 or 29, we hold that it was timely filed.

Husband also contends that wife's appeal is frivolous and that it was filed for delay and harassment purposes. He cites *United Bank of Denver National Ass'n v. Pierson*, 661 P.2d 1191 (Colo.App.1982), *rev'd sub nom., Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984), in support of his claim for damages pursuant to C.A.R. 38.

The reversal of our holding in United Bank negates its precedential value, and in any event, we find no merit to this argument of husband.

## III.

Husband finally contends that the court erred in not making findings supporting an award of a portion of an asserted increase in value which accrued during the marriage to certain stocks and bonds that were the wife's separate property. Husband argues that he did not assert a claim to that separate property, but did request a proportional share of any increase in the value of that separate property. Such request was premised on the fact that while husband was managing wife's stock portfolio from her mother's estate, he had lent money to the estate to pay taxes rather than selling any of wife's stock at a time when the market was depressed.

■ Appreciation of separate property during the course of the marriage is considered marital property, *In re Marriage of Campbell*, 43 Colo.App. 72, 599 P.2d 275 (1979), and such increase in separate property during the marriage is subject to division under the conditions set forth in § 14–10–113(1)(d), C.R.S. *In re Marriage of Wildin*, 39 Colo.App. 189, 563 P.2d 384 (1977).

■ The trial court must make appropriate findings so that we can determine the basis for its decision. *Mowry v. Jackson*, 140 Colo. 197, 343 P.2d 833 (1959). Although it is within the court's discretion to divide marital property, here, because of incomplete findings as to whether there was any increase in value as to wife's separate property, and the manner in which the same came about, we are unable to ascertain whether there was an abuse of discretion. We therefore, reverse and remand for a new determination of division of property.

## IV.

Wife also contends that the trial court erred in denying her request for spousal

maintenance, attorneys fees, and costs. Because division of property is inextricably intertwined with the issues of maintenance, attorney fees, and costs, we decline to address her assertion of error in this regard. On remand, these issues must also be considered as part of any new order that is entered. *Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972).

The judgment is reversed and the cause is remanded for a new hearing on final orders consistent herewith.

KELLY and STERNBERG, JJ., concur.