In re the MARRIAGE OF John R. MITCHELL, Petitioner–Appellee and Cross–Appellant,

and

Janet L. Mitchell, Respondent,

and

Concerning Dianna L. Burton, Personal Representative of the Estate of John P. Kreisheimer, deceased, Appellant and Cross–Appellee.

No. 00CA0396.

Colorado Court of Appeals, Div. I.

Feb. 14, 2002.

As Modified on Denial of Rehearing March 21, 2002.

Certiorari Denied Sept. 23, 2002.

Moyer, Beal & Vranesic, John R. Vranesic, Lakewood, Colorado, for Petitioner–Appellee and Cross–Appellant.

Law Office of Larry A. Henning, Larry A. Henning, Denver, Colorado, for Appellant and Cross–Appellee.

Opinion by Judge METZGER.

This action concerns an attorney's lien filed in a dissolution of marriage action. Dianna L. Burton, personal representative of the Estate of John P. Kreisheimer, deceased (the attorney), appeals the judgment entered in the attorney's favor for $1395, representing the principal amount of his attorney's lien, but excluding nineteen years' interest. John R. Mitchell (husband), the petitioner in the dissolution of marriage action, cross-appeals, contending that judgment should have been entered in his favor and that the lien should have been denied and discharged. We reverse.

The marriage of husband and Janet L. Mitchell (wife) was dissolved on November 26, 1979. The permanent orders required husband to pay wife $10,250 to accomplish the equitable division of the appreciation during the marriage of a small parcel of marital property and of husband's separate real property in Jefferson County. He was ordered to execute a promissory note and second deed of trust in her favor against the Jefferson County real property. The court denied wife's request for attorney fees, and each party was ordered to pay his or her own fees and costs. No note or deed of trust was ever prepared.

Wife had paid only $205 of the fees billed by the attorney, who had represented her in the dissolution action. Consequently, on April 10, 1980, in the dissolution case, the attorney filed a notice of attorney's lien pursuant to §§ 12–5–119 and 12–5–120, C.R.S. 2001. The notice stated that wife had agreed to pay him $35 an hour plus costs but had only paid $205, and that the unpaid balance was $1395 plus interest at 8% from the date of entry of the decree. No fee agreement between the attorney and the wife was filed. The attorney also recorded the lien with the Jefferson County clerk and recorder and mailed a copy of the notice to husband, to wife, and to husband's then attorney. He took no further action.

In October 1980, in full settlement of the permanent orders, husband paid wife $1500 cash, and she executed a satisfaction of judgment and a quitclaim deed to the Jefferson County real property. The attorney was not paid, and the record contains no indication of wife's whereabouts thereafter.

On January 26, 1990, the attorney filed an extension of lien in the dissolution action and recorded it with the county clerk and recorder, but he did not send notice of these actions to anyone.

In November, 1999, husband attempted to sell the Jefferson County property, and the lien surfaced. After fruitless negotiations, husband filed a motion in the dissolution action to determine the enforceability of the lien.

After hearing arguments of counsel, the trial court entered a detailed and comprehensive order. It awarded the attorney $1395, the original lien amount, but denied his request for interest, concluding that the "lien creating" statute, § 12–5–119, contains no authorization for interest. The attorney has since passed away, and the personal representative of his estate has been substituted as a party.

Because it is dispositive of this appeal, we first address husband's contention on cross-appeal. He argues that, because the attorney took no action to reduce the lien to judgment within the period of any statute of limitations, the trial court erred in awarding judgment for the amount of the lien. We agree.

 There is no common law right to an attorney's lien in Colorado. *See Fillmore v. Wells*, 10 Colo. 228, 15 P. 343 (1887). The statutes concerning attorney's liens are § 12–5–119, which covers charging liens, and § 12–5–120, which covers retaining liens. The lien at issue here is a charging lien, in that it "grants an attorney a lien on claims or

choses in action ... on any judgment that the attorney obtained or assisted in obtaining in favor of the client, and on any legal claim filed by the attorney for fees due from the client." *In re Estate of Benney*, 790 P.2d 319, 322 (Colo.1990).

■ However, if a trial court's award to an attorney's client is monetary, the attorney's lien cannot attach to real property owned by the client's judgment debtor. *In re Marriage of Stewart*, 632 P.2d 287 (Colo.App. 1981).

■ Here, because the Jefferson County real property was husband's separate property, it could not be awarded to wife in the permanent orders. *See* § 14–10–113, C.R.S. 2001; *In re Marriage of Campbell*, 43 Colo. App. 72, 599 P.2d 275 (1979). The dissolution court correctly classified the increase in value of that property during the marriage as marital property, equitably divided that increase, and entered a monetary award to wife. *See In re Marriage of Wildin*, 39 Colo.App. 189, 563 P.2d 384 (1977).

Accordingly, we agree with the trial court that the attorney's lien attached only to wife's monetary judgment in the dissolution of marriage action and not to the Jefferson County real property.

The proper method of enforcement of that lien then becomes the issue.

■ As the trial court noted, the language of § 12–5–119 does not specify in any detail the procedure for enforcing the lien; instead it only provides that "[s]uch lien may be enforced by the proper civil action."

The "proper civil action," has been held to include bringing an independent action or filing a motion to reduce the lien to judgment in the civil action that gave rise to the lien claim. *Gee v. Crabtree*, 192 Colo. 550, 560 P.2d 835 (1977).

Consequently, filing the notice of attorney's lien in the underlying dissolution of marriage action was the appropriate procedure.

The crux of the dispute here is timing.

Husband reasons that, because "proper civil actions" are subject to statutes of limita-

tion, because nineteen years have elapsed between the filing of the notice of attorney's lien and the commencement of any further proceedings, and because no statute of limitations would allow a nineteen-year delay, any right the attorney had to his lien was lost and extinguished. The personal representative counters that the filing of the notice of lien constituted the commencement of the "proper civil action," and because that notice was filed only five months after entry of wife's judgment in the permanent orders, it was timely. The trial court agreed with the personal representative; we agree with husband.

■ Because the right to an attorney's lien arises only by statute, *People v. Brown*, 840 P.2d 1085 (Colo.1992), strict compliance with the statute is necessary. *Telluride Real Estate Co. v. Penthouse Affiliates, LLC*, 996 P.2d 151 (Colo.App.1999). Thus, the burden of proof is upon the attorney who claims a lien for services to show that he or she comes within the statute. *See Gooding v. Lyon*, 63 Colo. 328, 166 P. 564 (1917).

Section 12–5–119, the attorney's charging lien statute, provides that attorneys "shall have a lien ... on any judgment they may have obtained." It then authorizes the attorney to file, with the clerk of the court in which the underlying action is pending, notice of his or her claim as lienor. Finally, it provides that the lien may be enforced by the "proper civil action."

The language of this statute is similar to that in other lien statutes. *See, e.g.,* § 38–20–101, et seq., C.R.S.2001 (covering various types of liens on personal property); *see also* § 38–22–101, et seq., C.R.S.2001 (covering mechanics' liens). In virtually all instances, the statutes begin by stating that the various providers of enumerated services "shall" have a lien. *See, e.g.,* § 38–20–102(1)(a), C.R.S.2001 (agistor's lien); § 38–20–106, C.R.S.2001 (lien for labor); § 38–22–101 (mechanic's lien). In each instance, the lienholder is required to provide notice. *See* §§ 38–20–108(1)(e), 38–22–109, C.R.S.2001. These statutes then set out procedures to enforce the claimed lien and require that the lien claimants file appropriate civil actions. *See* §§ 38–20–108, 38–22–110, C.R.S.2001.

Even though § 12–5–119 is not as detailed as the statutes governing other liens, because the subject matter is *in pari materia* with the other lien statutes, we conclude it should be construed in a similar manner. *See Huddleston v. Board of Equalization*, 31 P.3d 155 (Colo.2001).

 Thus, we hold that the filing of a notice of an attorney's lien, like notice of other liens, merely places others on notice that the attorney claims an interest in the funds subject to the lien. *Cf. Mesa County Valley School District No. 51 v. Kelsey*, 8 P.3d 1200 (Colo.2000). The notice is not the commencement of the "proper civil action." *See People v. Gray*, 35 P.3d 611 (Colo. O.P.D.J.2001).

Over a hundred years ago, this point was made clear in *Colorado State Bank v. Davidson*, 7 Colo.App. 91, 95, 42 P. 687, 688: "If the attorney expects satisfaction of his claim out of the judgment, he must so notify the judgment debtor; *and the notice must be followed, within a reasonable time, by suit*" (emphasis added). This interpretation was adopted by the supreme court in *Fillmore v. Wells, supra*, 10 Colo. at 237, 15 P. at 347, which said:

[W]here the thing is not in possession, and some affirmative action is required by the attorney, he, like other lien claimants, must seek relief in equity. In some instances, a formal suit should be instituted; in others, an application to the court rendering the judgment, for the proper order, would be sufficient.

*See also In re Ranes*, 31 B.R. 70 (Bankr. D.Colo.1983).

 The language of § 12–5–119 leads to such an interpretation, because it states: "Such [attorney's] lien may be enforced by the proper civil action." Thus, the filing of the notice of lien is only a prerequisite to commencement of an action to reduce the lien to judgment; the mere filing of the notice does not constitute such a commencement. If the interpretation of the trial court and the personal representative were adopted, this final sentence in § 12–5–119 would be superfluous.

Section 12–5–119 does not contain a period of limitations directly applicable to an enforcement action for an attorney's lien claim. The parties disagree about which statute would apply, but because they essentially concede that no statute of limitations would permit commencement of an action after the passage of nineteen years, we need not decide which specific statute controls. It is sufficient for us to hold, under these facts, that the attorney's attempt to reduce his lien to judgment is barred. *See* T. Cowden & S. Herscovici, *Perfection and Enforcement of Attorney's Liens in Colorado*, 26 Colo. Law. 57 (Mar.1997).

In light of this disposition, we need not address the personal representative's assertion that the trial court's refusal to award interest was error.

The judgment is reversed.

Judge VOGT and Judge DAILEY concur.