Gary CHRISTEL; Marinela Christel; Theron Merrill; and Evangeline Christel and Conrad Christel, minor children by next friends Gary Christel and Marinela Christel, Plaintiffs–Appellants,

v.

EB ENGINEERING, INC., a Colorado corporation d/b/a Scott Cox & Associates, Inc., and William H. Mitzelfeld, Defendants–Appellees.

No. 03CA1716.

Colorado Court of Appeals, Div. II.

March 24, 2005.

Rehearing Denied June 16, 2005.

Susan Morath Horner, Boulder, Colorado, for Plaintiffs–Appellants.

Montgomery Little & McGrew, P.C., John R. Riley, Greenwood Village, Colorado, for Defendants–Appellees.

TAUBMAN, J.

Plaintiffs, Gary Christel, Marinela Christel, Theron Merrill, Evangeline Christel, and Conrad Christel (Christels), appeal from the judgment entered on a jury verdict in favor of defendants, EB Engineering, Inc., d/b/a Scott Cox & Associates, Inc., and William H. Mitzelfeld (collectively Cox). We affirm.

The Christels reside in a house that is connected to the City of Boulder's sewer system. In 1989 and 1999, the Christels experienced two severe sewer backups in the basement of their home because of blockages in the City's sewer main servicing their house.

As part of a settlement stemming from the second backup, the Christels agreed to allow the City to install a sewage backflow preventer on the sewer line from their house to

the City's sewer main. Cox provided engineering consulting services for the installation.

The backflow preventer was designed to close when the City's main sewer line backed up. However, when the backflow valve closed, it also prevented any waste from the Christels' house from entering the City's sewer line. Consequently, the Christels experienced numerous smaller backups in their basement because they were unaware that the backflow valve had closed.

The Christels brought this suit against Cox, the City, and one other defendant, which subsequently settled with the Christels. The City moved to dismiss the Christels' claims against it on the basis that the claims were barred by the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2004. The trial court denied the City's motion, and the City brought an interlocutory appeal pursuant to § 24–10–108, C.R.S.2004.

During the pendency of that appeal, the case proceeded against the remaining defendants, culminating in a jury verdict in their favor. The Christels then brought this appeal. While this appeal was pending, a division of this court affirmed the trial court's order denying the City's motion to dismiss under the GIA. *See Christel v. City of Boulder*, 2004 WL 1949856 (Colo.App.02CA2249, Sept. 2, 2004) (not published pursuant to C.A.R. 35(f)).

## I. Subject Matter Jurisdiction

■ The Christels first contend that the trial court did not have subject matter jurisdiction to proceed with the jury trial following the City's interlocutory appeal of its motion seeking dismissal of the claims against it based on governmental immunity. They argue that the City's filing of an appeal divested the trial court of jurisdiction to proceed with the case against the remaining defendants. We disagree.

Whether a trial court retains jurisdiction to hear the claims against nongovernmental defendants while an interlocutory appeal brought by a governmental entity pursuant to § 24–10–108 is pending appears to be a question of first impression in Colorado.

■ A court may examine an issue of subject matter jurisdiction at any stage in the proceeding. *See Walton v. State*, 968 P.2d 636 (Colo.1998).

Section 24–10–108 provides in relevant part:

If a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion. The court's decision on such motion shall be a final judgment and shall be subject to interlocutory appeal.

■ A trial court's determination that it has or lacks subject matter jurisdiction under the GIA is a final judgment. *See City of Lakewood v. Brace*, 919 P.2d 231 (Colo.1996). Section 24–10–108 authorizes the taking of an interlocutory appeal on an issue involving governmental immunity without the necessity of obtaining trial court certification under C.R.C.P. 54(b). *Walton v. State, supra; Richland Dev. Co. v. E. Cherry Creek Valley Water & Sanitation Dist.*, 899 P.2d 371 (Colo.App.1995) (no C.R.C.P. 54(b) certification is required to appeal a ruling on sovereign immunity even if there are other claims pending in the trial court). The public entity has a right, not an obligation, to take an interlocutory appeal. *Walton v. State, supra.*

■ Ordinarily, once an appeal is perfected from a final judgment, jurisdiction over the case is transferred from the trial court to the appellate court with regard to the substantive issues that are the subject of the appeal. *Molitor v. Anderson*, 795 P.2d 266 (Colo.1990); *compare Anstine v. Churchman*, 74 P.3d 451 (Colo.App.2003) (an invalid notice of appeal divests the trial court of jurisdiction to consider substantive matters related to the judgment), *with Woznicki v. Musick*, 94 P.3d 1243 (Colo.App.2004) (premature filing of the notice of appeal from a nonfinal judgment does not divest the trial court of jurisdiction to consider further substantive issues related to the merits of the case).

■ Interlocutory appeals are an exception to the general rule that an appeal may be taken only from a final decision. *City of Lakewood v. Brace, supra.* C.R.C.P. 54(b), like § 24–10–108, creates an exception to the requirement that an entire case must be resolved by a final judgment before an appeal is brought. *See Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

In *Nelson v. Elway,* 971 P.2d 245 (Colo. App.1998), a division of this court held that the trial court retains jurisdiction over those portions of the case not affected by the partial judgment certified as final for purposes of appeal under C.R.C.P. 54(b). Thus, the division held that the trial court had jurisdiction to rule on those issues not subject to the interlocutory appeal. *See* 10 *Moore's Federal Practice* § 202.06[1] (3d ed.1997) (district court may certify a final judgment to be entered as to fewer than all the parties or claims in an action that is immediately appealable, even though the action may continue in the district court as to the other parties and claims); *see also Garcia v. Burlington N. R.R.,* 818 F.2d 713, 721 (10th Cir.1987) ("[W]hen an interlocutory appeal is taken, the district court retains jurisdiction to proceed with matters not involved in that appeal.").

Notwithstanding the judicial inefficiencies of conducting separate trials in litigation against private parties and governmental entities, no statute, rule, or case law divests the trial court of jurisdiction to hear a claim against a private party while an interlocutory appeal by or against a governmental entity under the GIA is pending.

Here, only the Christels' claims against the City were the subject of the trial court's order and the interlocutory appeal. Thus, because the claims against the other defendants were not involved in that appeal, we conclude that the trial court had jurisdiction to proceed with these claims while the City's appeal was pending. As the Christels themselves asserted to the trial court, there may be circumstances where a plaintiff, for financial reasons or others, may want to proceed against the remaining defendants while the interlocutory appeal is pending.

Therefore, we conclude that the trial court had jurisdiction to proceed with the trial as to the remaining defendants.

## II. Abuse of Discretion

■ The Christels alternatively argue that the trial court abused its discretion in proceeding with the trial following the City's interlocutory appeal. We disagree.

■ The decision whether to stay or continue proceedings resides in the sound discretion of the trial court. *In re Marriage of Fleet,* 701 P.2d 1245 (Colo.App.1985).

■ Continuances "shall be granted only for good cause." C.R.C.P. 121 § 1–11; *see Todd v. Bear Valley Vill. Apartments,* 980 P.2d 973 (Colo.1999). Additionally, although a prior trial judge has denied a motion to stay the proceedings, the successor trial judge has the power, in the sound exercise of discretion, to modify existing procedural orders or to enter new ones. *See In re Marriage of Fleet, supra* (holding that successor trial judge did not abuse his discretion in determining that he could proceed to final orders without waiting for a final resolution of out-of-state litigation).

Here, after the first trial court judge denied the City's motion to dismiss, it granted a stay as to Boulder, but directed the trial to go forward as to the remaining defendants.

The record shows that counsel for the Christels had expressed concern with going forward with the case without the City's being present. However, the Christels' counsel was also concerned with delaying the litigation because of serious contamination problems in the Christels' home and they could not pay for remediation. Also, just before trial, the Christels had settled with one defendant and apparently then had some funds for remediation.

On the day the jury trial was scheduled to commence, the Christels, at the suggestion of the second trial court judge, requested that the trial be continued until the interlocutory appeal against the City had been concluded. Although defendants did not object, the second trial court judge nevertheless denied the request for a continuance.

While we would not necessarily have reached the same result, we are unable to conclude that the second trial court judge abused his discretion in deciding that the trial should proceed as scheduled. We note that, as a result of this court's affirmance of the order of the first trial court judge denying the City's motion to dismiss under the GIA, the Christels will now have the opportunity to litigate their claims against the City. Had their earlier request for continuance been granted, there would have been only one trial against all defendants. Further, although the second trial court judge indicated that he would have handled the case differently if it had been assigned to him initially, his denial of the request for continuance does not constitute an abuse of discretion. Given the Christels' previously expressed interest in going forward with the litigation without the City's being present, the second trial court judge did not act unreasonably in denying the Christels' request for a continuance even though he had initially invited them to file that request.

To the extent the Christels argue that the second trial court judge erred in bifurcating the case without making the findings required by C.R.C.P. 42, we note that he did not order bifurcation of the case. Rather, the court merely exercised its discretion in denying the Christels' request to stay or continue the case. Consequently, under the circumstances presented here, we conclude that the second trial court judge was not required to address the conditions under which bifurcation is allowed. *See Gaede v. Dist. Court,* 676 P.2d 1186 (Colo.1984).

Therefore, we conclude that the second trial court judge did not abuse his discretion in permitting the case to proceed to trial.

### III. Jury Confusion

 The Christels further contend that a new trial is required because of jury confusion regarding the verdict forms. The Christels also argue that a juror's affidavit established that the jury disregarded the court's instructions and that the jury made improper assumptions concerning the City's absence from the trial. We conclude that no basis exists for setting aside the verdict.

CRE 606(b) prohibits using juror testimony to contest a verdict except to establish that extraneous prejudicial information was improperly brought to a juror's attention or that improper outside influence was exerted upon a juror. *Stewart v. Rice,* 47 P.3d 316 (Colo.2002).

Because the Christels' assertions of juror misconduct do not fall within either exception permitted by CRE 606(b), we conclude that the juror's affidavit may not be considered. Therefore, we conclude that the verdict may not be set aside upon the bases set forth in the juror's affidavit.

To the extent the Christels argue juror confusion because the jury failed initially to return a verdict on two of their claims for relief, the record shows that the trial court directed the jury to continue deliberations to address those claims. Additionally, when the jury subsequently asked for guidance on this issue, the court referred the jury back to the instructions regarding these claims. Therefore, we will not set aside the verdict on that basis. *See Reifschneider v. City & County of Denver,* 917 P.2d 315, 318 (Colo.App.1995) (despite any initial appearance of confusion, once a jury has rendered a final verdict, it is inappropriate to set aside the verdict because of speculation that the confusion may have continued).

The Christels do not argue that the instructions were in error. Thus, we must presume that the jury applied them correctly in finding in favor of Cox on these claims. *See Cissell Mfg. Co. v. Park,* 36 P.3d 85 (Colo.App.2001). Additionally, insofar as we find support in the record for the jury's verdict, we will not disturb that verdict on appeal. *Ajay Sports, Inc. v. Casazza,* 1 P.3d 267 (Colo.App.2000) (a jury's verdict will not be disturbed if there is any support for it in the record).

In light of our resolution of these issues, we need not address Cox's arguments concerning judicial estoppel, collateral estoppel, and res judicata.

The judgment is affirmed.

Judge LOEB and Judge RUSSEL concur.