**Lisa Dawn GOLD, Defendant–Appellant,**

v.

**DUNCAN OSTRANDER & DINGESS, P.C., Intervenor–Appellee.**

No. 05CA0870.

Colorado Court of Appeals, Div. I.

Aug. 24, 2006.

Grimshaw & Harring, P.C., Wayne B. Schroeder, Jody Harper Alderman, Carrie S. Bernstein, Denver, Colorado, for Defendant–Appellant.

Duncan, Ostrander & Dingess, P.C., Donald M. Ostrander, James Birch, Elizabeth D. Robertson, Denver, Colorado, for Intervenor–Appellee.

Opinion by Judge MÁRQUEZ.

Defendant, Lisa Dawn Gold, appeals from the judgment entered on an attorney's lien in favor of Duncan, Ostrander & Dingess, P.C. (Duncan). We affirm.

Duncan represented Gold in an eminent domain action initiated by the San Miguel Board of County Commissioners to acquire certain property owned by Gold. On July 19, 2004, the trial court entered final judgment on a stipulated amount of damages, and on October 22, 2004, Duncan filed a notice of attorney's lien and a notice of a motion to withdraw legal representation.

On February 18, 2005, Duncan filed a motion to reduce its attorney's lien to judgment pursuant to §§ 12–5–119 and 12–5–120, C.R.S.2005. Gold responded by contending that the trial court had no jurisdiction to hear the motion because it was untimely filed under C.R.C.P. 121 § 1–22. The trial court rejected Gold's contention, reasoning that the rule pertains to disputes where attorney fees are awarded to the prevailing party, Duncan was not a party and was seeking to enforce a statutory attorney's lien, and therefore, the rule had no applicability to the proceeding. The court found that the motion to reduce the lien to judgment was timely filed and entered judgment on the lien.

I.

■ Claiming that Duncan failed to comply with C.R.C.P. 121 § 1–22, Gold contends that the trial court erred in concluding it had jurisdiction to hear a motion filed approximately seven months after entry of final judgment to enforce a claimed attorney's lien. We conclude that Duncan's motion to reduce the lien to judgment was timely.

There is no common law right to an attorney's lien in Colorado. The statutes concerning attorney's liens are § 12–5–119, which covers charging liens, and § 12–5–120, which covers retaining liens. *In re Marriage of Mitchell*, 55 P.3d 183 (Colo.App.2002). At issue here is a charging lien, which can be asserted "against any money, property, choses in action, or claims and demands in the attorney's hands, on any judgment the attorney may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit." *In re Marriage of Rosenberg*, 690 P.2d 1293, 1295 (Colo.App.1984).

■ An attorney's lien attaches automatically to any monies or property due or owing to the client on any underlying judgment the attorney may have obtained or assisted in obtaining to the extent of the attorney's reasonable fees remaining due and unpaid. *In re Marriage of Shapard*, 129 P.3d 1007 (Colo. App.2004). Thus, the charging lien here attached at the entry of judgment. *In re Estate of Benney*, 790 P.2d 319 (Colo.1990); *People ex rel. MacFarlane v. Harthun*, 195 Colo. 38, 581 P.2d 716 (1978).

■ The language of § 12–5–119 does not specify in any detail the procedure for enforcing the lien; instead, it provides only that "[s]uch lien may be enforced by the proper civil action." *In re Marriage of Mitchell, supra*, 55 P.3d at 185. A "proper civil action" includes bringing an independent action or filing a motion to reduce the lien to judgment in the civil action that gave rise to the lien claim. *Gee v. Crabtree*, 192 Colo. 550, 560 P.2d 835 (1977); *In re Marriage of Mitchell, supra*.

■ Section 12–5–119 also does not contain a period of limitations directly applicable to an enforcement action for an attorney's lien claim. However, an attorney must enforce a charging lien within the limitations period applicable to enforcement of the underlying debt. *See In re Marriage of Mitchell, supra; Rotenberg v. Richards*, 899 P.2d 365 (Colo.App.1995); *see also* Alec Rothrock, *Recording Charging Liens Against Real Property: When, Not Whether*, 31 Colo. Law. 121 (Oct.2002); Julie M. Walker, *End of the Representation*, 32 Colo. Law. 59 (Oct.2003).

In *In re Marriage of Mitchell, supra*, 55 P.3d at 185, the division agreed that

> because "proper civil actions" are subject to statutes of limitation, because nineteen years have elapsed between the filing of the notice of attorney's lien and the commencement of any further proceedings, and because no statute of limitations would allow a nineteen-year delay, any right the attorney had to his lien was lost and extinguished.

Other jurisdictions have similarly held that the enforcement of a lien for attorney fees is time barred when a claim on the underlying debt has become time barred. *See, e.g., Hunstein v. Fiksman,* 279 Ga. 559, 615 S.E.2d 526 (2005). *But cf. Sheehan v. Estate of Gamberg,* 677 P.2d 254, 258 (Alaska 1984) ("In the absence of any expressed statutory limitation it would be improvident for this court to impose any time bar limitation unless the facts clearly indicate the applicability of laches or estoppel.").

Here, approximately seven months after entry of the judgment for which services were rendered, Duncan moved to enforce an attorney's lien pursuant to §§ 12–5–119 and 12–5–120, in the amount of $79,767.23, upon "all of the monies, properties, choses in action, claims and demands in suit." Gold does not contend that Duncan's action is barred by the limitations period applicable to the enforcement of the underlying debt. *See generally Rotenberg v. Richards, supra* (a claim for breach of a contractual agreement to pay an attorney an hourly fee for services rendered is governed by a six-year statute of limitations under § 13–80–103.5, C.R.S.2005).

We, therefore, conclude that Duncan's motion to reduce its lien to judgment was timely. In so holding, we reject Gold's contention that C.R.C.P. 121 § 1–22 compels a different result.

C.R.C.P. 121 § 1–22(2), provides in pertinent part as follows:

> (a) This practice standard applies to requests for attorney fees made at the conclusion of the action. . . . It also includes awards of fees made to the prevailing party pursuant to a contract or statute where the award is dependent upon the achievement of a successful result in the litigation in which fees are to be awarded and the fees are for services rendered in connection with that litigation. This practice standard does not apply to attorney fees which are part of a judgment for damages and incurred as a result of other proceedings, or for services rendered other than in connection with the proceeding in which judgment is entered. . . .
>
> (b) Any party seeking attorney fees under this practice standard shall file and serve a motion for attorney fees within 15 days of entry of judgment or such greater time as the court may allow.

The committee comment to this rule provides in part that "[s]ubject to certain exceptions, this Standard establishes a uniform procedure for resolving attorney fee disputes in matters where the request for attorney fees is made at the conclusion of an action [or] where attorney fees are awarded to the prevailing party."

Both the terms of the rule and the committee comment indicate that the rule is intended to apply where attorney fees are awarded to a prevailing party or are requested at the conclusion of an action. Gold does not cite any authority that suggests C.R.C.P. 121 § 1–22 applies to a motion to enforce an attorney's lien, and we have not found any cases applying or explicitly rejecting the applicability of C.R.C.P. 121 § 1–22 to a motion to enforce an attorney's lien.

Here, Duncan obtained a judgment for Gold, and Gold acknowledged in a motion filed with the court that she owed Duncan fees and costs incurred on her behalf. Duncan was not a party to the initial eminent domain proceeding; rather, only after the court entered a final judgment did Duncan file a motion to enforce a statutory attorney's lien. We, therefore, agree with the trial court's determination that C.R.C.P. 121 § 1–22 does not apply here.

II.

■ Gold also asserts that even if this court determines that the fifteen-day time limitation in C.R.C.P. 121 § 1–22 does not

apply, *In re Marriage of Mitchell, supra,* 55 P.3d at 186, and *Colorado State Bank v. Davidson,* 7 Colo.App. 91, 95, 42 P. 687, 688 (1895), provide that if the attorney expects satisfaction of his claim out of the judgment "he must so notify the judgment debtor; and the notice must be followed, within a reasonable time, by suit." According to Gold, Duncan did not file its motion to enforce the attorney's lien until four months after its original notice, and that is not a reasonable amount of time. We disagree.

As explained above, an attorney must enforce a charging lien within the limitations period applicable to enforcement of the underlying debt. *See In re Marriage of Mitchell, supra.* When the *In re Marriage of Mitchell* division stated that "notice must be followed, within a reasonable time, by suit," it was emphasizing that filing a notice of an attorney's lien merely places others on notice that the attorney claims an interest in the funds subject to the lien and does not constitute the commencement of a "proper civil action" for the purpose of enforcing the lien.

In any event, we conclude that Duncan's motion to reduce its lien to judgment—filed four months after the notice of the attorney's lien—was filed within a reasonable time. *See, e.g., In re Marriage of Seely,* 689 P.2d 1154 (Colo.App.1984)(C.R.C.P. 60(b) motion was filed within a reasonable time seven months after judgment).

The judgment is affirmed.

Judge GRAHAM and Judge TERRY concur.