**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AIG ANNUITY INSURANCE
COMPANY,

      Plaintiff-Appellee,

v.

LAW OFFICES OF THEODORE
COATES, P.C.,

      Defendant-Appellant,

and

KRISTI S. BENNETT, DONALD J.
EGAN, M.D.,

      Defendants-Appellees,

and

MARC E. BENNETT,

      Defendant.

No. 11-1000
(D.C. No. 1:07-CV-01908-MSK-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

The Law Offices of Theodore Coates, P.C. (Coates) appeals from orders by the district court in an interpleader action filed by AIG Annuity Insurance Company (AIG). In a series of orders, the district court determined the respective rights of several parties, including Coates, to a stream of annuity payments. Coates, which sought an attorney's lien on the annuity, appeals from the court's rulings as to its requested lien. We affirm.

The parties are familiar with the facts, so we recite only the briefest background information and incorporate by reference all of the factual and procedural background information set out by the district court in its December 22, 2008, February 12, 2009, and March 2, 2010 orders (the Orders). AIG was the issuer of a stream of annuity payments originally owed to a minor, Ryan Bennett. Ryan died intestate and his divorced parents, Kristi Bennett (Kristi) and Marc Bennett (Marc), engaged in lengthy conservatorship litigation, followed by probate litigation to determine their respective rights to the annuity stream. Coates represented Kristi in those proceedings and unsuccessfully appealed the probate court's ruling that Kristi and Marc were each entitled to 50% of the annuity stream. In 2006, all the parties to the probate court proceedings entered into a settlement agreement resolving Kristi's and Marc's respective

rights to the annuity stream. The probate court approved the settlement, directed final disposition of the estate's assets and closed the probate estate (the Probate Judgment).

Only then did Coates file a claim in the probate court for an attorney's lien under Colo. Rev. Stat. § 12-5-119, for approximately $420,000 of its legal fees against all of the annuity stream. This type of lien, called a "charging lien," gives an attorney a lien on "any monies or property due or owing to the client on any underlying judgment the attorney may have obtained or assisted in obtaining to the extent of the attorney's reasonable fees remaining due and unpaid." *Gold v. Duncan, Ostrander & Dingess, P.C.*, 143 P.3d 1192, 1193 (Colo. App. 2006). "Such lien may be enforced by the proper civil action." Colo. Rev. Stat. § 12-5-119. The probate court denied Coates's claim because the probate estate was already closed. AIG then filed the current interpleader action pursuant to 28 U.S.C. § 1335, requesting the court determine the relative priority of Coates's lien and a lien of Kristi's creditor, Dr. Donald Egan (Egan), on the annuity stream.

The district court directed AIG to deposit $411,207.31 with the court. In a 2008 order, it ruled that Coates did not have a valid charging lien on Marc's annuity stream because it never represented Marc. In 2009, it ruled that Coates did have a valid charging lien on Kristi's annuity stream but, under § 12-5-119, Coates was entitled only to reasonable fees billed for services rendered in

connection with obtaining the Probate Judgment, because only that judgment gave Kristi an interest in the annuity stream. *See N. Valley Bank v. McGloin, Davenport, Severson & Snow*, *P.C.*, 251 P.3d 1250, 1253 (Colo. App. 2010) (holding that charging lien only includes fees generated in obtaining the judgment, not fees unrelated to the judgment). The district court ruled that further proceedings were required to determine that amount.

Coates then filed a motion for summary judgment attaching an affidavit, without supporting evidence, stating its accrued fees were $671,196. In response, Kristi provided Coates's billing statements, its responses to her discovery requests and other evidence identifying which of Coates's fees were related to obtaining the Probate Judgment.

In its final 2010 order deciding these and other motions, the district court ruled that (1) AIG was entitled to attorney fees for the interpleader action, payable equally by Kristi, Coates, and Egan, and not by Marc; (2) based on the undisputed evidence presented, Coates's charging lien on Kristi's annuity interest totaled $54,919.47, or $39,722.80 after deducting its share of AIG's attorney fees; (3) Egan's lien totaled $172,303.33 after deducting AIG's fees; and (4) because both Coates's and Egan's liens could be satisfied in full by the interpled funds of approximately $400,000, it was unnecessary for the court to determine the relative priority of Coates's and Egan's liens.

After the district court entered judgment, Coates filed a Fed. R. Civ. P. 59(e) motion requesting the district court alter its judgment to award Coates prejudgment interest on the amount of its determined lien. The district court denied the motion, explaining that such an award was premature because the court had not adjudicated the merits of any substantive claim by Coates against Kristi for attorney fees, including prejudgment interest, which would have to be resolved in a separate proceeding. The district court explained it had determined only the relative rights of the parties to the interpled funds.

Coates appeals, claiming the district court erred by (1) treating its charging lien as a judicial lien; (2) cutting down the value of its lien to an arbitrary equitable amount and leaving its remaining fees as an unsecured claim; (3) not giving full faith and credit to the settlement approved by the Probate Judgment; (4) misapplying its jurisdiction; (5) not adjudicating the priority of Coates's lien in relation to Egan's; and (6) denying it prejudgment interest.

"We review de novo the grant of summary judgment, applying the same legal standard as the district court under Fed. R. Civ. P. 56(a)." *Cypert v. Indep. Sch. Dist. No. I-050*, 661 F.3d 477, 480 (10th Cir. 2011) (internal quotation marks omitted). The district court had jurisdiction under 28 U.S.C. § 1335 to determine the relative priority of the parties' interests in the interpled funds, and we find no basis for Coates's assertion that the court misapplied or exceeded its jurisdiction thereunder. We conclude that the district court appropriately determined that

-5-

Marc was not a client of Coates; that Coates did have a valid charging lien under § 12-5-119 for its services relating to Kristi's Probate Judgment, but that the amount of that lien "is limited to securing the payment of the reasonable value of [those] attorney fees," *People v. Carvell (In re Estate of Benney)*, 790 P.2d 319, 323 (Colo. 1990) (en banc). We further conclude that the undisputed evidence supports the district court's findings as to the amount of Coates's reasonable fees related to obtaining the Probate Judgment. The record also supports the district court's findings that the interpled funds are sufficient to satisfy the full amount of Egan's lien and the enforceable amount of Coates's charging lien. Because the district court did not adjudicate any substantive claim by Coates against Kristi for its attorney fees, but only determined the parties' relative rights in the interpled funds, the district court correctly concluded that Coates's request for prejudgment interest was premature. We affirm for substantially the reasons given by the district court in its Orders.

Coates's motion for certification to the Colorado Supreme Court is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge
