24CA0223 Marriage of Sunderland 02-13-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0223
Jefferson County District Court No. 22DR30340
Honorable Christopher B. Rhamey, Judge

In re the Marriage of

Sandra Sunderland,

Appellant,

and

Stuart Sunderland,

Appellee,

and Concerning Chris Basler and Basler Family Law, PLLC,

Attorney-Appellee.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE JOHNSON
Lipinsky and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 13, 2025

Sandra Sunderland, Pro Se

Ciancio Ciancio Brown, P.C., Marc J. Kaplan, Banafsheh Lari, Denver, Colorado for Appellee

Basler Family Law, PLLC, Chris R. Basler, Centennial, Colorado, for Attorney-Appellee

¶ 1    In this dissolution of marriage proceeding involving Sandra Sunderland (wife) and Stuart Sunderland (husband), wife appeals (1) the district court's order entering a money judgment against her on an attorney's lien and (2) the allocation of that debt to her as part of the marital property division. We conclude that wife invited any error and, therefore, we affirm.

## I.    Background

¶ 2    In 2022, wife petitioned to dissolve the parties' marriage. In January 2023, Chris Basler (Basler) of Basler Family Law, PLLC (the law firm) entered an appearance on behalf of wife. Five months later, the law firm simultaneously filed a notice of attorney's lien and a forthwith motion to reduce the attorney's lien to judgment. In the motion, the law firm sought entry of a judgment in the amount of $17,906.81 against wife for unpaid attorney fees and costs owed to it. Shortly thereafter, Basler and another attorney at the law firm withdrew as wife's attorneys, and new counsel entered an appearance on behalf of wife.

¶ 3    Asserting that the law firm had failed to provide any documentary support for the amounts that it claimed in the notice of attorney's lien, wife filed a verified response in opposition to the law firm's motion. A district court magistrate later entered temporary orders stating that the law firm's motion for entry of judgment on the attorney's lien would be addressed at the permanent orders hearing.

¶ 4    At the permanent orders hearing, wife did not further dispute the attorney fees and costs that the law firm claimed. Following that hearing, the district court entered an order granting the law firm's motion and entering judgment against wife in the amount of $17,906.81. In the written permanent orders, the district court allocated to wife the debt associated with the $17,906.81 judgment.

## II.    Standard of Review

¶ 5    "The doctrine of invited error precludes a party from appealing an error that the party invited or injected into the case." *In re Marriage of O'Connor*, 2023 COA 35, ¶ 24. "A party's affirmative action during litigation triggers this doctrine and usually bars

appellate review of alleged error arising from such action." *Vista Resorts, Inc. v. Goodyear Tire & Rubber Co.*, 117 P.3d 60, 65 (Colo. App. 2004); *see also People v. Garcia*, 2018 COA 180, ¶ 7 (recognizing that the doctrine is "limited to situations where an error was caused by a party's affirmative, strategic conduct and not by a party's inaction or inadvertence").

### III.    Analysis

¶ 6     As best as we can discern, wife contends that the district court erred by (1) entering judgment against her on the attorney's lien and (2) allocating the debt associated with the judgment to her as part of the marital property division.  We disagree.

¶ 7     Under section 13-93-114, C.R.S. 2024, an attorney may assert a lien for the amount of any judgment obtained against a client in the amount of the attorney's unpaid reasonable fees and costs.  *In re Marriage of Berkland*, 762 P.2d 779, 782 (Colo. App. 1988); *Kallsen v. Big Horn Harvestore Sys., Inc.*, 761 P.2d 291, 292 (Colo. App. 1988).  But the mere filing of an attorney's lien does not entitle the attorney to collect against the property of the client; the lien

3

must first be reduced to a judgment. *People v. Gray*, 35 P.3d 611, 620 (Colo. O.P.D.J. 2001); *In re Marriage of Mitchell*, 55 P.3d 183, 184-85 (Colo. App. 2002). A lien may be enforced and reduced to a judgment in a "proper civil action," § 13-93-114, which "has been held to include . . . filing a motion to reduce the lien to judgment in the civil action that gave rise to the lien claim," *Mitchell*, 55 P.3d at 185. *See also Seitz v. Seitz*, 516 P.2d 654, 655 (Colo. App. 1973) (recognizing that the district court must determine whether an attorney's lien is valid and whether fees are owed to counsel).

¶ 8 Wife contends that the district court erred by entering judgment against her because the law firm never provided any evidence in support of the amount of attorney fees and costs that it claimed, and because Basler allegedly violated his professional duties. But we conclude that wife invited any error.

¶ 9 As noted above, the temporary orders indicated that the law firm's request for entry of judgment on its attorney's lien would be addressed at the permanent orders hearing. But at that hearing, wife confirmed under her own attorney's questioning that she owed

4

unpaid attorney fees and costs to the law firm and that the amount that she owed was reflected in the notice of attorney's lien. And when her attorney asked her why she had not paid the law firm, wife did not express any disagreement with the amount of the attorney's lien. Instead, she testified, "I wasn't receiving maintenance and I didn't have any money to pay [it], and I didn't have any additional credit cards at that time."

¶ 10     Even assuming the court erred, on this record, we conclude that wife invited any such error by affirmatively testifying that she owed the law firm the amounts reflected in the notice of attorney's lien. *Cf. Horton v. Suthers,* 43 P.3d 611, 619 n. 10 (Colo. 2002) (recognizing that invited error merely mandates that the claim of error cannot be considered but does not suggest that actual error occurred). Accordingly, we will not consider wife's contentions of error as to the entry of judgment on the attorney lien.

¶ 11     Finally, we reject any challenge by wife to the allocation of the $17,906.81 judgment in the marital property division. Wife has conceded that any error in allocating that debt to her was harmless

given the substantial value of the marital estate. *See In re Marriage of Zappanti*, 80 P.3d 889, 893 (Colo. App. 2003) (recognizing that "[a]n error affecting only a small percentage of the overall marital estate is harmless" and does not justify reversing the court's judgment).[1]

## IV.  Conclusion

¶ 12  The order entering judgment against wife on the law firm's attorney's lien is affirmed.  The allocation of that judgment to wife in the permanent orders is affirmed.  Those portions of the permanent orders not challenged on appeal remain undisturbed.

JUDGE LIPINSKY and JUDGE MOULTRIE concur.

---

[1] Chris Basler, on behalf of the law firm, was added to the caption of this appeal, as it is the law firm's lien that the court reduced to a judgment.  Basler asked, on behalf of the law firm, for an extension of time to file a response to wife's opening brief.  We do not need a response from Basler to resolve this appeal, and given our disposition, we deny the request as moot.

6